EVAN C. BORGES, State Bar No. 128706
  *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone:   (949) 383-2800
Facsimile:   (949) 383-2801

Attorneys for Defendants Erika Girardi, EJ
Global, LLC, and Pretty Mess, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| In re Girardi Keese, <br><br> Debtor, | Case No. 2:25-cv-01038-AH <br> **DEFENDANTS' MOTION IN LIMINE NO. 1** |
| ELISSA D. MILLER, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation, <br><br> Defendants. | **AMENDED NOTICE OF MOTION AND MOTION IN LIMINE RE:** <br> **ALLEGED CRIMINAL MISCONDUCT AND HARM TO LEGAL CLIENTS, INDICTMENTS, CRIMINAL PROCEEDINGS, TRIALS, GUILTY PLEAS, VERDICTS, CONVICTIONS, OR SENTENCING OF NON-PARTY FORMER GIRARDI KEESE ATTORNEYS OR EMPLOYEES ARISING OUT OF CLIENT MATTERS AND TRANSACTIONS WITH NO BEARING ON THE CLAIMS AND DEFENSES OF THE PARTIES TO THIS ACTION, AS SET FORTH IN THEIR OPERATIVE PLEADINGS** <br> Action Filed:   April 19, 2022 <br> Trial Date:      February 17, 2026 <br> Time:            8:30 a.m. <br> **Final Pre-Trial Conference [L.R. 16]** <br> Date:   January 28, 2026 <br> Time:   1:30 p.m. <br> **Judge:  Hon. Anne Hwang** <br> Place:   Courtroom 9C, 9th Floor <br> United States District Court <br> 350 W. 1st Street <br> Los Angeles. CA 90012 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, January 28, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9C of the United States Courthouse, located at 350 1st Street, Los Angeles, California 90012, the Honorable Anne Hwang, District Court Judge presiding, defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc. (collectively, "**Defendants**") will and hereby do move for an order *in limine* precluding evidence and argument on the following issues:

Alleged criminal misconduct and harm to legal clients, indictments, criminal proceedings, trials, guilty pleas, verdicts, convictions, or sentencing of non-party former attorneys or employees of the law firm Girardi Keese ("**GK**"), including, without limitation, former GK attorneys Thomas Girardi, David Lira, and Keith Griffin and former GK chief financial officer Christopher Kamon, arising out of GK client matters and transactions that have no bearing on and do not tend to prove or disprove any of the elements of the claims and defenses of the parties to this action as framed by their operative pleadings.

Defendants bring this amended motion in response to the Court's Order of January 6, 2025 (Doc. # 47), following the conference of counsel via telephone pursuant to Local Rule 7-3, which was held on January 7, 2026.

This amended motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, and any further argument or evidence that may be presented and accepted by the Court prior to or at the hearing and the Court's decision on this motion.

DATED:  January 12, 2026          GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ
Global, LLC, and Pretty Mess, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Erika Girardi ("**Erika**"), EJ Global, LLC ("**EJ Global**"), and Pretty Mess, Inc. ("**PMI**," and collectively along with Erika and EJ Global, "**Defendants**") submit this Memorandum in support of their Motion *in Limine* No. 1.

## I.    INTRODUCTION

This motion *in limine* is required because plaintiff Elissa D. Miller (the "**Trustee**" or "**Plaintiff**"), in her capacity as bankruptcy trustee for the defunct law firm of Girardi Keese ("**GK**"), seeks to prejudice and obtain a more than $25 million judgment against Erika **not** based on evidence of actions taken or not taken by Erika, but rather, based upon a theory of guilt by association due to Erika's mistaken decision to marry and trust her now-estranged husband, Thomas Girardi ("**TG**"), against whom Erika filed a petition for divorce in November 2020 and from whom she has been separated since that time, trying to make an independent life for herself.

As the Court is aware, in 2025, TG and another attorney and an employee of GK were convicted of crimes in the course of running GK's law practice. Zero evidence exists, however, because it did not happen, that Erika or any of the other Defendants (business entities owned by Erika) had any knowledge of or participated in any of the misconduct and crimes of TG or anyone else at GK. In fact, in the only instance where a court of law has had to decide whether evidence existed of Erika's knowledge of or participation in wrongdoing committed by GK and TG, a Los Angeles Superior Court case captioned *Sheldon/Finn v. Erika Girardi, et al*. (LASC case no. 20STCV47160, the trial court granted Erika's motion for summary judgment based upon **no evidence** of her alleged knowledge of or participation in the wrongdoing alleged by plaintiffs against GK and TG regarding their handling of client settlement funds in a mass tort case.[1] The trial court's decision was upheld on appeal.

---

[1] *See* JX-541 and JX-543 on *Joint Exhibit List* (Doc. # 28) and *Defendants' Request for Judicial Notice* (Doc. # 31), both filed on December 30, 2025.

In the present case, this motion *in limine* should be granted because the Trustee's effort to gain an advantage by scapegoating and prejudicing Erika for making a poor marriage decision and trusting the wrong man is:  (1) transparent and wrong; and (2) the evidence at issue, as to which Defendants are forced to seek exclusion by this motion *in limine*, has no legal relevance to or bearing on the claims and defenses of Plaintiff and Defendants in their operative pleadings in this action.

## II.    BACKGROUND

As explained in Defendants' Contentions of Fact and Law (Doc. # 32), this is an action brought by the Trustee of the bankruptcy estate of GK, a law firm which was managed and operated by TG, against his estranged spouse, Erika,[2] and two business entities, EJ Global and PMI that are solely owned by Erika.  In this action, the Trustee seeks a money judgment to recover $25,592,26.26 (the "**Transfers**") paid by the Debtor between 2008 and 2020 for expenses of EJ Global and Erika's charges on an American Express card, where the account holder and party responsible for payment was TG and/or GK.  All of the Transfers at issue were accounted for on the Debtor's books and records as an intercompany debt "due from" EJ Global, which the Trustee alleges is Erika's alter-ego.

The operative pleadings of the parties that frame the issues in dispute at trial are the Trustee's *First Amended Complaint* filed on August 26, 2021 (Bankruptcy Docket No. 12) (the "**FAC**"), and Defendants' *Answer to First Amended Complaint, Affirmative Defenses and Demand for Jury Trial* filed on November 11, 2021 (Bankruptcy Docket No. 20) (the "**Answer to FAC**").

Regrettably, in recent status reports, including the parties' *Amended and Updated Joint Status Conference and Rule 26(f) Report* filed before this Court on July 9, 2025 (Doc. # 12) (the "**Amended Joint Report**"), the Trustee has made

---

[2] It is undisputed that on November 3, 2020, Erika filed an action for divorce, separated from Mr. Girardi, and has been separated from him since that time.

allegations nowhere found in the FAC, apparently in an effort to gain an advantage and prejudice Erika by virtue of TG having been convicted and sentenced to prison in 2025.  Specifically, in the Amended Joint Report, the Trustee includes the following gratuitous allegations that are nowhere found in the FAC, even though the FAC was filed more than six months after the GK bankruptcy filing and massive publicity generated by various former client and other complaints alleging fraud against TG and GK:

> **The Trustee's Position:**  . . . . The Transfers occurred between 2008 and 2020, during which time Mr. Girardi and GK misappropriated tens of millions of dollars in client settlement funds and operated the Debtor in a Ponzi-like fashion, using proceeds from more recent client settlements to repay clients whose funds had previously been misappropriated.  As a result of this scheme, Mr. Girardi was indicted, tried, and convicted of four counts of wire fraud in violation of 18 U.S.C. § 1343.  On June 3, 2025, he was sentenced to seven years and three months in federal prison.

Amended Joint Report (Doc. # 12) at 7.

Nowhere again in the Amended Joint Report, or otherwise, has the Trustee explained the relevance of the misconduct of GK and TG directed at their legal clients to any legal responsibility or culpability of Erika for the claims asserted in the FAC in this case, which says nothing about GK or TG taking of client funds.

As a further sign that the Trustee intends to prejudice and harm Erika as much as possible based upon the wrongdoing of others (of which it is undisputed Erika had no knowledge and as to which the Trustee does not even _try_ to suggest she has evidence of Erika's knowledge or participation – because no evidence is required when one is bent on a smear campaign), the Trustee has included on Plaintiff's portion of the Joint Exhibit List filed on December 30 the following:

- JX-49 (Indictment, _U.S. v. Thomas Girardi_);

- JX-50 (Verdict, _U.S. v. Thomas Girardi_);

- JX-51 (Judgment and Commitment Order, _U.S. v. Thomas Girardi_);

- JX-52 (Superseding Indictment (N.D. Illinois) [against former GK attorney David Lira];

- JX-54 (Plea Agreement and Judgment, David R. Lira); and

- JX-54 (Plea Agreement and Judgment, Christopher Kamon) [former chief financial officer of GK who stole millions of dollars from GK].

None of the above "exhibits" placed by the Trustee on her portion of the Joint Exhibit List has any relevance to, bearing on, and plays no role in tending to prove or disprove any fact material to the allegations of the FAC and the Answer to FAC, which frame the issues in this action.

## III.   THIS MOTION IN LIMINE SHOULD BE GRANTED

Every reason based in fairness and impartiality of the judicial system, due process, and the rule of law compel granting this motion *in limine*.  As stated in Defendants' recently-filed Memorandum of Contentions of Fact and Law:

> At all times, Erika, who has a high school education, was never licensed or practiced as an attorney.  Erika's sole career has been as an entertainer.  Erika never worked at GK and did not participate in or have knowledge of the firm's finances, dealings with clients, or the actions of Mr. Girardi and GK that led to Mr. Girardi's conviction.  At the criminal trial of Mr. Girardi, the Government never claimed that Erika did anything wrong.  In addition, neither the Government nor the defense, at any time during the criminal trial, tried to call or called Erika as a witness.

> The payments by GK that comprise the Transfers were made *to third parties*, meaning creditors or vendors that submitted invoices to EJ Global and to American Express.  None of the payments comprising the Transfers was made to EJ Global.  In addition, none of the payments comprising the Transfers was made to Erika.  *As a result, neither EJ Global nor Erika was the recipient of any alleged fraudulent transfer.*

Regarding PMI, Erika has testified that after she filed for divorce against and separated from Mr. Girardi in November 2020, based upon the advice of her new business manager for the purpose of creating a clear dividing line between pre-separation earnings (which are part of the marital community) and post-separation earnings (which are separate property), in January 2021, Erika formed PMI to conduct her entertainment career. ***Given that the Transfers at issue in this case stopped in 2020 and PMI was formed in January 2021, PMI could not have and did not receive any of the Transfers.***

By the express design of Mr. Girardi, GK, and/or their outside accountants, the payments comprising the Transfers were booked and accounted for by GK solely as an alleged debt of EJ Global to GK, and **not** as an individual liability or debt of Erika to GK.  GK was comprised of attorneys who fully understood the difference between a debt owed by a limited liability company, as opposed to an individual debt owed by an interest holder in a limited liability company, such as Erika.  No promissory note exists to memorialize the alleged debt owing to GK by EJ Global that was booked by GK based upon the Transfers.  GK was fully capable of preparing such a written memorialization of EJ Global's alleged debt obligation but never did so.

Further, no promissory note, writing, or other evidence exists that Erika at any time agreed to undertake any personal liability or debt to GK, based upon the Transfers that gave rise to the alleged receivable booked by GK as owing to it by ***only*** EJ Global.  Accordingly, Erika has no individual or personal liability for the alleged debt of EJ Global resulting from the Transfers; and no evidence exists that Erika undertook or agreed to any such individual or personal liability.

Rather, the only evidence is that based upon the Transfers, sophisticated attorneys of GK structured, accounted for, and characterized the alleged debt at issue as owing only by a limited liability company, EJ Global.

The payment structure that gave rise to the Transfers was put in place **solely** by Mr. Girardi, GK, and outside accountants retained by them. Erika never agreed to take on the massive individual debt that the Trustee seeks to impose upon Erika, to which she never agreed and which GK (in whose shoes the Trustee stands as a matter of law) never sought to impose upon her.

Memorandum of Contentions of Fact and Law at 4:24-6:5; 10:21-11:23.

Most importantly, in addition to the Trustee's efforts to smear Erika being false and inaccurate, the Trustee's allegations and evidence that, by this motion in limine Defendants ask the Court to exclude, are:

(1) nowhere alleged in the FAC and have no bearing or relevance to proving or disproving any elements of the claims and defenses in this action, and thus should be excluded under Rule 401 of the Federal Rules of Evidence ("FRE"); and

(2) amount to a transparent and improper attempt by the Trustee to scapegoat and create bias and prejudice against Erika, a non-attorney, based solely upon her marriage to Mr. Girardi. Thus, this motion in limine also should be granted under Rule 403 of the FRE.

Erika's only mistake was putting trust in her then-husband, who appeared to be a high net worth and financially successful attorney, and by extension GK, to manage the finances of EJ Global and Erika's entertainment career. Putting trust in another, especially a spouse, and later discovering one was deceived and harmed, may be a matter of tabloid interest. Nonetheless, the allegations and evidence of crimes committed by TG and others at GK, *in transactions as to which it is undisputed Erika had no knowledge or participation and the trustee has no*

*evidence to the contrary*, have no relevance to the legal merits of this case, and at best, generate disputes on collateral matters that will unduly prejudice Erika for no valid reason.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant the Motion in Limine No. 1.

DATED: January 12, 2026        GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

**PROOF OF SERVICE**
**Miller v. Girardi**
**C.D. Cal. Case No. 2:25-cv-01038-AH**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On January 12, 2026, I served true copies of the following document(s) described as **MOTION IN LIMINE NO. 1; PROPOSED ORDER** on the interested parties in this action as follows:

Larry W. Gabriel
JENKINS MULLIGAN & GABRIEL LLP
585 Lorna Lane
Los Angeles, CA 90049
Tel:        (818) 943-8992
Email:     *lgabrielaw@outlook.com*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2026, at Costa Mesa, California.

_____
Cheryl Winsten