LARRY W. GABRIEL, State Bar No. 68329
  *lgabrielaw@outlook.com*
JENKINS MULLIGAN & GABRIEL LLP
5743 Corsa Avenue, Suite 110
Westlake Village, California 91361
Telephone: (818) 943-8992

Special Litigation Counsel for Plaintiff
Elissa D. Miller, chapter 7 Trustee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Girardi Keese, <br><br> Debtor, <br><br>——————————————— <br><br> ELISSA D. MILLER, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation, <br><br> Defendants. | Case No. 2:25-cv-01038-AH <br><br> **PLAINTIFF, ELISSA D. MILLER, CHAPTER 7 TRUSTEE,** <br><br> **AMENDED NOTICE OF MOTION AND MOTION IN LIMINE; NO. 5** <br><br> Action Filed:  April 19, 2022 <br> Trial Date:  February 17, 2026 <br> Time:  8:30 a.m. <br> **Final Pre-Trial Conference [L.R. 16]** <br> Date:  January 28, 2026 <br> Time:  1:30 p.m. <br> **Judge:  Hon. Anne Hwang** <br> Place:  Courtroom 9 C <br> United States District Court <br> 350 W. 1st Street <br> Los Angeles, CA 90012 |

## AMENDED NOTICE OF MOTION AND MOTIONS IN LIMINE NOS. 5 [1]

**PLEASE TAKE NOTICE** that on Wednesday, January 28, 2026,  at 1:30 p.m. or

———————————

[1] This amended pleading is submitted pursuant to the Court's Order of January 6, 2026 [Dkt. # 47] The Trustee previously filed an Omnibus Motion in Limine.  In accord with the Court's page limitation for Motions in Limine the Trustee amended the Trustee's Omnibus Motion in Limine into two separate Motion in Limine.  The first presents Motion in Limine 1-4.  This Motion in Limine sets forth the Trustee's 5th Motion in Limine.

1

as soon thereafter as the matter may be heard in Courtroom 9C, United States Courthouse, located at  350 1st Street, Los Angeles, California 90012, the Honorable Anne Hwang, Judge Presiding , Plaintiff Elissa D. Miller,  the Chapter 7 Trustee (the "Trustee"), for the Girardi Keese Bankruptcy Estate, will and hereby does move the Court  in limine for an order precluding the evidence and argument on the following issues:

**MOTION IN LIMINE NO. 5:**

To preclude evidence as to Defendants Affirmative Defenses

**PLEASE TAKE FURTHER NOTICE** that these motions are brought pursuant to Federal Rules of Evidence 401–403, 404–406, 408–411, 601–615, 701–706, 801–807, 901–903, 1002–1008, Federal Rule of Civil Procedure 16, and the Court's inherent authority to control the orderly presentation of evidence.

This motion is based on this Notice, the Motion in Limine No. 5 and the accompanying Memorandum of Points and Authorities, the pleadings on file,  the any argument that may be presented at hearing.

DATED:  January 11, 2026                    JENKINS MULLIGAN & GABRIEL LLP

By:_____

Larry W. Gabriel

Special Litigation Counsel
Plaintiff, Elissa D. Miller, chpt. 7 Trustee
Estate of Girardi Keese

PLAINTIFF'S AMENDED MOTIONS IN LIMINE NO. 5

JENKINS MULLIGAN & GARBIEL LLP

# MEMORANDUM OF POINTS AND AUTHORITES
## IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE NO. 5

## I. INTRODUCTION

Plaintiff Elissa D. Miller, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Girardi Keese ("**GK**" or the "**Debtor**"), submits the following Motions in Limine and Memorandum of Points and Authorities for the Court's consideration.

## II. STATEMENT OF THE CASE

By this action, the Trustee seeks to avoid and recover $25,592,261.26 in transfers (the "**Transfers**") made by Girardi Keese ("**GK**" or the "**Debtor**") between 2008 and 2020 from its general operating in payment of American Express card obligation incurred by Defendant Erika Girardi ("**Erika**") and vendor indebtedness incurred by Defendant EJ Global, LLC ("**EJ Global**"), Erika's wholly own limited liability company. The Transfers served no legitimate business purpose, conferred no value on the Debtor and were made on behalf of Erika, an insider of the Debtor given her marriage to the Debtor's managing partner, Thomas V. Girardi ("**Girardi**"). In addition, to mask the Transfers, the Debtor, classified the Transfers as "intercompany debt" allegedly owed by EJ Global. No promissory notes, loan agreements, repayment schedules, interest provisions, or other indicia of a bona fide lending relationship exist.

The Transfers occurred during the same period (2010-2020) Girardi was orchestrating a massive, decades-long client-fraud scheme—misappropriating settlement proceeds, deceiving clients about payment delays, and using new recoveries to satisfy prior client obligations. Girardi's scheme was conclusively established when Girardi and GK CFO Christopher Kamon ("Kamon") were indicted by a federal jury of four counts of wire fraud in violation of 18 U.S.C. § 1343. *United States of America v. Thomas V. Girardi*, Case No. 23-00047 (C.D. Cal.). [Cr. Dkt. #1; Request for Judicial Notice, ("**RJN**") Exhibit1 ("**Ex**") 1] After a jury trial, Girardi was convicted of all counts charged in the indictment. [ RJN Exhibit 2, Cr. Dkt. # 387]  On October 8, 2024 Kamon entered

into a plea agreement which was accepted by the Court. [RJN Exhibit 3, Cr. Dkt 69 (U.S.A. v. Kamon, Cr. Case No. 23-cr-00024-JLS).  Girardi was sentenced to serve 87 months in the federal penitentiary system on June 4, 2025. [RJN Exhibit 4]

## III.  MOTION IN LIMINE NO. 5

To preclude evidence or argument as to Defendant's Affirmative Defenses presented in Defendants' Answer [Dkt. # 20] to the Trustee's First Amended Complaint. [Dkt. #12]

### A.  Evidence/Argument to be Excluded

Defendants Erika Girardi, EJ Global LLC, and Pretty Mess, Inc. asserted sixteen affirmative defenses in their Answer.  Each is legally insufficient and fails to state a plausible defense under Rules 8 and 12(c) in that the affirmative defenses fail to set forth any facts to substantiate the defense and consist nothing more than boilerplate labels. An affirmative defense must give fair notice of the defense pled." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.,* 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." *Id.* at 992 (internal citations omitted). "Simply referring to a doctrine or statute is insufficient to afford fair notice." *Id.*

### B.  Legal Grounds for Motion in Limine No.: 5

#### Defenses That Are Not Cognizable

• Failure to State a Claim (**1st Affirmative Defense**): Not a true affirmative defense. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

• Vague/Uncertain Complaint (**12th Affirmative Defense**): Improper; such objections must be raised under Rule 12(e).  *Joe Hand Promotions, Inc. v. Garcia, No. 1:11-CV-02030 LJO DLB, 2012 U.S. Dist. LEXIS 56745, 2012 WL 1413940, at * 6(E.D. Cal. Apr. 23, 2012) (assertion that complaint is vague is not a proper affirmative defense).*

4

• Lack of Causation (**10th Affirmative Defense**): Not an element of fraudulent-transfer claims. In re Cohen, 199 B.R. 709, 719 (B.A.P. 9th Cir. 1996).

• Reservation of Rights (**16th Affirmative Defense**): Not a cognizable defense. *Landmark Equity Fund, II, 2015 U.S. Dist. LEXIS 90197, 2015 WL 4224176, at *8.*

### 2. Defenses Legally Unavailable Against a Trustee

• • Laches (**9th Affirmative Defense**): Equitable or tort-based doctrines cannot bar a Trustee's fraudulent conveyance claim. *Aalfs v. Wirum (In re Straightline Invs.)*, 525 F.3d 870, 883 (9th Cir. 2008).

• Setoff/Recoupment (**11th Affirmative Defense**): The Bankruptcy "Code contains no provision which would allow [a transferee] to set off the amount he paid for the [avoidably transferred property] against the value of the [property]." *Aalfs v. Wirum (In re Straightline Invs.)*, 525 F.3d 870, 884 (9th Cir. 2008).

• Waiver/Estoppel (**8th Affirmative Defense**): Equitable or tort-based doctrines cannot bar a Trustee's fraudulent conveyance claim. *Aalfs v. Wirum (In re Straightline Invs.)*, 525 F.3d 870, 883 (9th Cir. 2008).

• Unclean Hands (**13th Affirmative Defense**): Defenses based on a party's unclean hands or inequitable conduct do not generally apply against that party's receiver. While a party may itself be denied a right or defense on account of its misdeeds, there is little reason to impose the same punishment on a trustee, receiver or similar innocent entity that steps into the party's shoes pursuant to court order or operation of law."). *AFI Holding, Inc. v. Barclay,* 2008 U.S. Dist. LEXIS 79698 * 10-11.

• *In Pari Delicto* (**15th Affirmative Defense**): The *in pari delicto* defense is inapplicable when a trustee brings an action under sections 544(b) and 548. *C&S Wholesale Grocers, Inc. v. Delano (In re DeLano Retail Partners, LLC),* 2014 Bankr. LEXIS 4258 *11-13.

5

- Failure to Mitigate (**14th Affirmative Defense**): Bankruptcy trustee actions under §§ 544, 548, 550 are statutory remedies for the benefit of the estate. Equitable or tort-based doctrines cannot bar a Trustee's fraudulent conveyance claim. *Aalfs v. Wirum (In re Straightline Invs.)*, 525 F.3d 870, 883 (9th Cir. 2008).

### 3. Conclusory or Factually Unsupported Defenses

- Statute of Limitations/Repose (**2nd Affirmative Defense**):  Defendants fail to identify any governing statute or triggering event. *Gomez v. J. Jacobo Farm Lab. Contractor, Inc., 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)).*

- Solvency / Adequate Capital / Ability to Pay (**3rd -5th Affirmative Defenses**): No facts regarding assets, liabilities, or cash flow; merely conclusory. *Gomez v. J. Jacobo Farm Lab. Contractor, Inc., 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)).*

- Good Faith (**6th Affirmative Defense**) and Reasonably Equivalent Value (**7th Affirmative Defense**): No allegations of value or objective good faith; insufficient under Twombly/Iqbal. *In re Agricultural Research & Tech. Group, Inc.,* 916 F.2d 528, 535–36 (9th Cir. 1990); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.,* 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)).

### C.    Relief Requested

Permitting the Defendants from disputing the fraudulent intent or legitimacy of the transfers would directly contradict issues necessarily decided in the Girardi and Kamon criminal cases and would mislead the jury. Such evidence is irrelevant and unduly prejudicial and must be excluded under Federal Rules of Evidence 402 and 403.

JENKINS MULLIGAN & GARBIEL LLP

Dated:  January 12, 2026

Respectfully submitted,

JENKINS MULLIGAN & GABRIEL, LLP

By:_____
Larry W. Gabriel
Special Litigation Counsel for Plaintiff,
Elissa D. Miller, Chapter 7 Trustee, Estate
of Girardi Keese

PLAINTIFF'S AMENDED MOTIONS IN LIMINE NO. 5