LARRY W. GABRIEL, State Bar No. 68329
lgabrielaw@outlook.com
JENKINS MULLIGAN & GABRIEL LLP
5743 Corsa Avenue, Suite 110
Westlake Village, California 91361
Telephone: (818) 943-8992

Special Litigation Counsel for Plaintiff
Elissa D. Miller, chapter 7 Trustee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Girardi Keese.<br><br>                                   Debtor. | Case No. 2:25-cv-01038 |
| ELLISA D. MILLER, Chapter 7 Trustee,<br>Estate of Girardi Keese<br><br>                                  Plaintiff.<br><br>        vs.<br><br>ERIKA N. GIRARDI, an individual;<br>EJ GLOBAL, LLC, a limited liability;<br>and PRETTY MESS, INC., a<br>Corporation,<br><br>                                 Defendants. | **TRUSTEE'S OPPOSITION TO DEFENDANT'S AMENDED MOTION IN LIMINE NO. 1.**<br><br>Action Filed:    April 19, 2022<br>Trial Date:      February 17, 2026<br><br>**Final Pre-Trial Conference [L.R. 16]**<br><br>Date:      January 28, 2026<br>Time:      1:30 p.m.<br><br>**Judge:  Hon. Anne Hwang**<br><br>Place:      Courtroom 9 C 9th Floor<br>              United States District Court<br>              350 W. 1st Street<br>              Los Angeles, CA 90012 |

Plaintiff, Elissa D. Miller, Chapter 7 Trustee, Estate of Girardi Keese, hereby opposes Defendant's Amended Motion in Limine ("**AMIL**") No. 1 requesting the Court to precluded evidence and argument "on the on the issues of alleged criminal misconduct and harm to legal clients, indictments, criminal proceedings, trials, guilty pleas, verdicts, convictions, or sentencing of non-party former attorneys or employees of the law firm

1

Girardi Keese ("**GK**"), including, without limitation, former GK attorneys Thomas Girardi, David Lira, and Keith Griffin and former GK chief financial officer Christopher Kamon, arising out of GK client matters and transactions that have no bearing on and do not tend to prove or disprove any of the elements of the claims and defenses of the parties to this action as framed by their operative pleadings" as follows.

## I.    ARGUMENT

### A. No Legal Authorities or Admissible Evidence Presented in Defendants AMIL No. 1

Defendants' AMIL No. 1 is devoid of legal authority, in violation of Local Rules (**L.R.**) 7.5[1] and 7.6.[2]  Defendants cite no supporting case law, statutes, or other legal authority. Accordingly, AMIL No. 1 fails to comply with L.R. 7-5, provides no legal basis for the relief requested, and should be denied on that ground alone.

Defendants also submitted no admissible evidence in support of AMIL No. 1. Their purported "evidence" consists solely of references to exhibits that Plaintiff intends to offer at trial. Such references do not constitute evidence. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029-1031(9th Cir. 2001) (The court need not consider documents merely referenced in briefing but not properly submitted as evidence.)  See also, *Orr v. Bank of America, N.A.*, 285 F.3d 764, 773–74 (9th Cir. 2002)Documents

[1] L.R. 7-5  Moving Papers.  There shall be served and filed with the notice of motion: (a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and (b) The evidence upon which the moving party will rely in support of the motion."

[2] L.R. 7-6  Evidence on Motions.  Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

2

**JENKINS MULLIGAN & GARBIEL LLP**

must be properly authenticated and submitted; "[u]nauthenticated documents cannot be considered as evidence."[3]

The court need not consider documents merely referenced in briefing but not properly submitted as evidence. If Defendants intended the Court to consider those materials, they were required to request judicial notice of the documents relied upon. Defendants failed to do so, and their motion therefore lacks any evidentiary support.

### B. Girardi's Indictment, Criminal Conviction and Christopher Kamon's Plea Agreement are Relevant and Admissible for Purposes of This Action.

Defendants' AMIL No. 1 seeks to exclude criminal indictments, jury verdicts, criminal judgments, and a criminal plea agreement that conclusively establish the existence of Thomas Girardi's and Christopher Kamon's scheme to defraud Girardi Keese clients and creditors of millions of dollars. See Trustee's Amended Request for Judicial Notice, ECF Doc. No. 35, Exhibits. F (Girardi & Kamon Indictment), G (Girardi Verdict), H (Girardi Judgment and Probation/Commitment Order), and Q (Kamon Plea Agreement). This evidence is not merely admissible—it is entitled to preclusive effect in establishing the debtor's fraudulent intent in subsequent civil and bankruptcy proceedings. See *Rosen v. Neilson (In re Slatkin)*, 2004 U.S. Dist. LEXIS 10555, at *14 (C.D. Cal. 2004) ("A prior criminal conviction can have a preclusive effect in establishing the fraudulent intent of a debtor in a subsequent adversary proceeding, even with respect to third parties who had no involvement with the criminal proceedings."); *Santa Barbara Capital Mgmt. v. Neilson (In re Slatkin)*, 525 F.3d 805, 812–14 (9th Cir. 2008) ("*Santa Barbara Capital Management*"); Fed. R. Evid. 807.

Tellingly, Defendants cite no legal authority supporting their exclusionary position. Instead, they rely on what appears to be their overarching trial theme: that no evidence exists because Erika Girardi and the other Defendants allegedly lacked knowledge of, and

---

[3] *Orr v. Bank of America, N.A.,* involved the court ruling on a Motion for Summary Judgment.

3

**JENKINS MULLIGAN & GARBIEL LLP**

did not participate in, the misconduct or crimes of Thomas Girardi or anyone else at Girardi Keese. That argument fundamentally misses the mark.

The criminal convictions and plea agreements are preclusive as to Girardi's and Kamon's actual intent to defraud—a necessary element of the Trustee's Fourth Claim for Relief for avoidance of actual fraudulent transfers under 11 U.S.C. §§ 544(b) and 548 and California Civil Code § 3439.04(a)(1). See FAC, EFC Doc. No. 14, at 12. The law on this issue is settled. As the Ninth Circuit held in *Santa Barbara Capital Management:*

> We now hold that a debtor's admission, through guilty pleas and a plea agreement admissible under the Federal Rules of Evidence, that he operated a Ponzi scheme with the actual intent to defraud his creditors conclusively establishes the debtor's fraudulent intent under 11 U.S.C. § 548(a)(1)(A) and California Civil Code § 3439.04(a)(1), and precludes relitigation of that issue.

525 F.3d at 815. See also *Floyd v. Dunson (In re Ramirez Rodriguez)*, 209 B.R. 424, 433 (Bankr. S.D. Tex. 1997) (criminal conviction based on operation of a Ponzi scheme conclusively establishes fraudulent intent); *Martino v. Edison Worldwide Capital (In re Randy)*, 189 B.R. 425, 439 (Bankr. N.D. Ill. 1995) (jury verdict in criminal proceeding preclusively establishes debtor's intent to defraud); *Emerson v. Maples (In re Mark Benskin & Co.),* 161 B.R. 644, 648 (Bankr. W.D. Tenn. 1993) (guilty pleas establish intent to defraud and may be given preclusive effect in an adversary proceeding).

At bottom, Defendants' position reduces to the contention that a transferee may retain the benefits of tens of millions of dollars in fraudulent transfers so long as she did not personally participate in the underlying fraud. That is not the law. Participation in the fraud is not an element of either an actual or constructive fraudulent transfer claim against a transferee. See Trustee's Fourth and Fifth Claims for Relief. [ECF Doc. No. 14, at 12–13.] As the court explained in *Heller Ehrman LLP v. Arnold & Porter LLP (In re Heller Ehrman LLP)*, 2011 Bankr. LEXIS 1497, at *19 (Bankr. N.D. Cal. 2011): "A

4

constructively fraudulent transfer has nothing to do with the conduct of the transferee. The transfer itself is what is 'fraudulent,' because of its impact on the creditors of an insolvent transferor."

## III. CONCLUSION

Defendants' AMIL No. 1 is devoid of legal authority and admissible evidence in violation L.R. 7.5 and 7.6. The criminal convictions and plea agreements are admissible and preclusive as to the debtor's fraudulent intent, and Defendants' claimed lack of involvement provides no basis to exclude this evidence or to defeat the Trustee's fraudulent transfer claims. Accordingly, Defendants' Amended Motion in Limine No. 1 should be denied.

Respectfully Submitted,

DATED:  January 20, 2026        JENKINS MULLIGAN & GABRIEL LLP

Larry W. Gabriel

Special Litigation Counsel for Plaintiff
Elissa D. Miller, Chapter 7 Trustee,
Estate of Girardi Keese

**JENKINS MULLIGAN & GABRIEL LLP**

**JENKINS MULLIGAN & GARBIEL LLP**

**PROOF OF SERVICE**

*Miller v. Erika Girardi et al.,*

**C.D. Case No. 2:25-cv-01038-AH**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is: 5743 Corsa Avenue, Suite 110, Westlake Village, California 91362.

On January 20, 2026 I served true copies of the following document(s) described as:

**TRUSTEE'S OPPOSITION TO DEFENDANT'S AMENDED MOTION IN LIMINE NO. 1.**

on

EVAN C. BORGES,
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
EBorges@GGTrialLaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail.

**Additional Service**
AH Chambers <AH_Chambers@cacd.uscourts.gov>
Hon. Anne Hwang Courtroom 9C, 9th Floor
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed this the 20th day of January 2026.

_____

Larry W. Gabriel

6