1  LARRY W. GABRIEL, State Bar No. 68329
   *lgabrielaw@outlook.com*
2  JENKINS MULLIGAN & GABRIEL LLP
   5743 Corsa Avenue, Suite 110
3  Westlake Village, California 91361
   Telephone: (818) 943-8992
4
5  Special Litigation Counsel for Plaintiff
   Elissa D. Miller, chapter 7 Trustee
6
7               **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

9  In re Girardi Keese,

10                                    Debtor.

11 ELLISA D. MILLER, Chapter 7 Trustee,
   Estate of Girardi Keese
12                              Plaintiff,

13       vs.

14 ERIKA N. GIRARDI, an individual;
   EJ GLOBAL, LLC, a limited liability;
15 and PRETTY MESS, INC., a
   Corporation,
16                             Defendants.
17
18
19
20
21
22
23

Case No. 2:25-cv-01038

**TRUSTEE'S OPPOSITION TO DEFENDANTS AMENDED MOTION IN LIMINE NO. 2**

Action Filed:     April 19, 2022
Trial Date:       March 10, 2026

**Final Pre-Trial Conference [L.R. 16]**

Date:             February 18, 2026
Time:             1:30 p.m.

Motion in Limine
Hearing Date      February 18, 2026
Time:             1:30 p.m.

**Judge:  Hon. Anne Hwang**

Place:            Courtroom 9 C 9th Floor
                  United States District
                  Court
                  350 W. 1st Street
                  Los Angeles CA 90012

24  I.    **INTRODUCTION**

25      Through Amended Motion in Limine No. 2 ("**AMIL No. 2**"), Defendants seek to

26  preclude evidence relating to Erika Girardi's application to obtain a California gaming

27  license for the benefit of her husband, Thomas V. Girardi ("Girardi").  The application

28                                    1

*(left margin, vertical)* JENKINS MULLIGAN & GARBIEL LLP

was submitted under false pretenses and supported by false and fraudulent financial statements provided to the California Department of Justice, Bureau of Gambling Control.  Defendants contend the evidence is inadmissible because the Trustee did not assert a standalone claim based on the gaming license application in the Truste's First Amended Complaint ("FAC") and because Erika Girardi allegedly withdrew the application on May 22, 2019.  Defendants' arguments fail both procedurally and substantively.

## II.   STATEMENT OF FACTS

### A.   Admissions Made By Erika Girardi in her Deposition ("EG Depo") Taken on October 19, 2022 Admitting She Submitted an Application for a California Gaming License on Thomas Girardi's Behalf

During her deposition taken on October 19, 2022, Erika Girardi made the following statements:

> A. The way it was explained to me, Tom had a
> license in Nevada with Boyd Gaming.  What kind of
> license, I don't know whether it was an operator
> license.  I don't know what it was.  And this is – I
> just want to preface this by saying everything I'm about
> to say is what Tom Girardi told me.
> Okay.
> There is a law that says if you are an owner
> or some sort of operator in Vegas, you may not have
> holdings in California gaming.  Something like that.
> Okay.
> He (Thomas Girardi) says to me "Erika, I want you to get a
> gaming license so you can" -- I don't even know what the
> word would be -- "hold our family's or my interest."

2

[Declaration of Larry W. Gabriel ("**Gabriel Decl.**"), ¶ 3, Exhibit 1, EG Depo. Tr. p. 37: 8-21.]

During her deposition taken on October 19, 2022, Erika Girardi made the following admission:

Q. And there was an application made for you to get a gaming license in California; correct?

A. Yes.

Q. Did you ever say to him, "Why are you doing this? Isn't this illegal?"

A. I did ask why he was doing it but I never thought it was illegal. I just -- the way it was explained to me was that it had never been done.

[Gabriel Decl. ¶ 3, Exhibit 2, EG Depo. Tr. p. 38: 2-12]

**B.     Erika Submitted the Following False and Fraudulent Documents in Support of Her Gaming License Application**

1.     On July 31, 2014, Erika Girardi submitted an "Application for State Gambling License to the California Department of Justice, Bureau of Gambling Control. [Gabriel Decl., p. 10, ¶ 5, Exhibit 3] The application was made by Erika Girardi as an individual applicant. *Id.*

2.     On July 31, 2014, Erika Girardi submitted an "Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property) to the California Department of Justice, Bureau of Gambling Control, ("**Gaming Commission**") in which Erika Girardi stated under the penalty of perjury that:

I am the exclusive and absolute owner of that gambling establishment. It is my sole and separate property. My spouse does not have any interest whatsoever in that gambling establishment, including but not limited to, a community property interest.

[Gabriel Decl., p. 10, ¶ 6, Exhibit 4]

3.     On July 31, 2014, Erika Girardi submitted a "Declaration of Full

JENKINS MULLIGAN & GARBIEL LLP

3

Disclosure" to the California Department of Justice, Bureau of Gambling Control pursuant to which Erika Girardi declared under the penalty of perjury that:

    i.   Applicant is or will be the sole beneficial owner of all financial interest in the gambling operation or any portion thereof for which applicant is applying.

    ii.   Applicant has no agreements or understandings with any other person or entity and no present intent to permit anyone to hold as agent nominee or otherwise any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability license or permit.

    iii.   Applicant has no agreements or understandings with any other person or entity to transfer at any future time any interest whatsoever in or to the gambling license being sought.

[Gabriel Decl., p. 11, ¶ 7, Exhibit 5]

## III. DISCUSSION

### A. Defendants AMIL No. 2 is Devoid of Legal Authority and Admissible Evidence in Support of AMIL No. 2

1.   <u>No Legal Authority</u>

Defendants' AMIL No. 2 is devoid of legal authority, in violation of Local Rules (**L.R.**) 7.5[1] and 7.6.[2] Defendants cite no supporting case law, statutes, or other legal

---

[1] L.R. 7-5 Moving Papers. There shall be served and filed with the notice of motion: (a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and (b) The evidence upon which the moving party will rely in support of the motion."

[2] L.R. 7-6 Evidence on Motions. Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

JENKINS MULLIGAN & GARBIEL LLP

1    authority. Accordingly, AMIL No. 2 fails to comply with L.R. 7-5, provides no legal

2    basis for the relief requested, and should be denied on that ground alone.

3       2. <u>No Admissible Evidence</u>

4      Defendants also failed to submit admissible evidence in support of AMIL No. 2.

5    Their purported "evidence" consists of one letter which purportedly was presented to the

6    Gaming Commission, withdrawing Erika Girardi's application for a gaming license.  The

7    letter is presented without a declaration as to its authenticity.  Such references do not

8    constitute evidence. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029-

9    1031(9th Cir. 2001) (The court need not consider documents merely referenced in

10    briefing but not properly submitted as evidence.)  See also, *Orr v. Bank of America, N.A.*,

11    285 F.3d 764, 773–74 (9th Cir. 2002)(Documents must be properly authenticated and

12    submitted; "[u]nauthenticated documents cannot be considered as evidence.")[3]

13    **B. The Fraudulent Nature of the Gaming License Application Is Undisputed**

14      The Gaming Commission has jurisdiction over the operation and supervision of

15    gambling establishments and over all persons or things having to do with the

16    operations of gambling establishments. It issues gambling licenses and may also suspend

17    or revoke the licenses. California Business and Professions Code, §§ 9811, 19870, 19930.

18    The Department of Justice, through its Bureau of Gambling Control, investigates

19    gambling license applicants, monitors the conduct of licensees, and initiates and

20    prosecutes disciplinary actions against licensees before the Commission. §§

21    19826, 19868, 19930. *Swallow v. California Gambling Control Com.,* 77 Cal. App. 5th

22    1037, 1041 (2022).

23      The fraudulent nature of Erika Girardi's gaming license application is not subject

24    to reasonable dispute. Erika Girardi essentially admitted during her deposition that the

25

26    —————————————————

27    

28    [3] *Orr v. Bank of America, N.A.,* involved the court ruling on a Motion for Summary Judgment.

**JENKINS MULLIGAN & GARBIEL LLP**

disclosures and statements submitted in support of the application were false.

[Declaration of Larry W. Gabriel ("Gabriel Decl.") pp. 9-11, ¶¶ 5-7, Exhibit 1- 5] .

This evidence does not depend on the existence or nonexistence of a withdrawal letter. The relevant fact is that Erika Girardi knowingly signed and submitted false statements to a state regulatory body under penalty of perjury. [4] Clearly, once a false instrument is knowingly offered to a public office for filing, the act is complete. *People v. Powers*, 117 Cal. App. 4th 291, 297 (2004) (Section 115 is concerned with the offering of false instruments for filing, registering, or recording in a public office . . .") A subsequent withdrawal does not "unfile" the document and does not cure the submission of a false and fraudulent statement made to a governmental agency.

**C. The Evidence Is Offered for Proper, Highly Relevant Purposes**

Defendants' central legal premise—that evidence is inadmissible absent a separately pleaded cause of action concerning the gaming license application—is legally erroneous. The Trustee does not assert a standalone claim arising from the application. Instead, the evidence is admissible and highly probative for multiple permissible purposes, including:

**1. Lack of Good Faith**

The evidence demonstrates Erika Girardi's willingness to knowingly participate in fraudulent conduct on Girardi's behalf. This directly rebuts Defendants' contention that Erika Girardi received fraudulent transfers in "good faith," a core issue under the Bankruptcy Code and applicable fraudulent transfer law.

**2. Credibility**

Federal Rule of Evidence 608(b) permits inquiry on cross-examination into specific instances of conduct that are probative of a witness's character for truthfulness.

---

[4] Penal Code § 115(a) provides, in relevant part, that any person who knowingly procures or offers a false or forged instrument to be filed, registered, or recorded in a public office is guilty of a felony.

Erika Girardi personally executed the gaming license application, Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property) and Declaration of Full Disclosure" under penalty of perjury while knowing the information presented in the documents were false. That conduct bears directly on her credibility as a witness and is therefore admissible for impeachment purposes. Courts routinely admit evidence of uncharged misconduct when offered to prove intent, knowledge, absence of good faith, or credibility—particularly where, as here, the defendant places those issues squarely at issue. *See United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989) (holding that "evidence of a witness' participation in fraudulent transactions is probative of truthfulness," and citing cases involving a witness's false credit card applications, false license applications, and prior false statements).

### D. Withdrawal of the Application Is Irrelevant to Admissibility

Even assuming *arguendo* that the application was later withdrawn, that fact does not render the evidence inadmissible. The probative value lies in Erika Girardi's knowing submission of false information to a regulatory agency—not in whether the application ultimately proceeded. Withdrawal does not negate fraudulent intent, knowledge, or participation, nor does it cure the false statements made under oath. A misstatement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed." *United States v. Gaudin,* 515 U.S. 506, 509 (1995); see also *United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987) (A misstatement need not actually influence the agency decision in order to be material; propensity to influence is enough). Accordingly, the concern is not with the extent of the agency's reliance, but rather with the "intrinsic capabilities of the false statement itself[.]" *United States v. Serv. Deli Inc.*, 151 F.3d 938, 941-842 (9th Cir. 1998).

### E. Rule 403 Does Not Support Exclusion

JENKINS MULLIGAN & GARBIEL LLP

The evidence is not unfairly prejudicial, confusing, or cumulative. It is straightforward, directly relevant, and goes to central issues the jury must decide. Any claimed prejudice arises solely from the probative force of the evidence, which is not a basis for exclusion under Rule 403.

## IV.  CONCLUSION

Defendants' Amended Motion in Limine No. 2 is unsupported by admissible evidence and rests on a legally incorrect understanding of relevance and admissibility. The gaming license application evidence is probative of Erika Girardi's lack of good faith, knowledge, and credibility, and is properly admissible for those purposes. Accordingly, AMIL No. 2 should be denied in its entirety.

Dated:  January 22, 2026

Respectfully submitted,

JENKINS MULLIGAN & GABRIEL, LLC

By:_____

Larry W. Gabriel
Special Litigation Counsel for Plaintiff, Elissa
D. Miller, Chapter 7 Trustee, Estate of Girardi
Keese

**JENKINS MULLIGAN & GARBIEL LLP**

# DECLARATION OF LARRY W. GABRIEL
## IN SUPPORT
## OF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

I, Larry W. Gabriel, declare as follows:

1.      I am counsel of record for Plaintiff Elissa D. Miller, Chapter 7 Trustee, in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

2.      On October 19, 2022, I took the deposition of Erika Girardi. True and correct copies of pages of the deposition transcript referred to below is attached hereto as Exhibits 1- 2.

3.      During her deposition taken on October 19, 2022, Erika Girardi made the following statements:

> The way it was explained to me, Tom had a
>
> license in Nevada with Boyd Gaming.  What kind of
>
> license, I don't know whether it was an operator
>
> license.  I don't know what it was.  And this is – I
>
> just want to preface this by saying everything I'm about
>
> to say is what Tom Girardi told me.
>
> Okay.
>
> There is a law that says if you are an owner
>
> or some sort of operator in Vegas, you may not have
>
> holdings in California gaming.  Something like that.
>
> Okay.
>
> He (Thomas Girardi) says to me "Erika, I want you to get a
>
> gaming license so you can" -- I don't even know what the
>
> word would be -- "hold our family's or my interest."

True and correct copies of Erika Girardi's deposition testimony, EG Depo. Tr. p. 37: 8-

9

21 is attached hereto as Exhibit 1.

4.      During her deposition, Erika Girardi also made the following statement:

Q.   And there was an application made for you to get a gaming license in California; correct?

A.   Yes.

Q.   Did you ever say to him, "Why are you doing this?  Isn't this illegal?"

A.   I did ask why he was doing it but I never thought it was illegal.  I just -- the way it was explained to me was that it had never been done.

True and correct copies of Erika Girardi's deposition testimony, EG Depo. Tr. p. 38: 2-12, is attached hereto as Exhibit 2.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the ""Applicant's Application for State Gambling License" submitted on behalf of Erika Girard to the State of California Gaming Commission. The document was produced by the Defendants in response to Plaintiff's Request for Production of Documents.

6.      Attached as Exhibit 4 is a true and correct copy of Erika Girardi's "Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property" submitted to the State of California Gaming Commission. The following statements are presented in the declaration:

- "I am the exclusive and absolute owner of that gambling establishment. It is my sole and separate property.  My spouse does not have any ownership interest whatsoever in that gabling establishment, including but not limited to a community property interest."

- "My spouse is not involved, directly or indirectly with any management, decisions, of any nature whatsoever, regarding that gambling establishment."

- "My spouse does not have any direct or indirect authority or influence in the decision-making process relating to any activities in that gambling establishment."

JENKINS MULLIGAN & GARBIEL LLP

10

- "My spouse is not engaged in any conduct for which my spouse could be required to obtain a registration, a finding of suitability, a permit, or a license, pursuant to Business and Professions Code sections 19850, 19851, 19853, 19854 and/or 19912, for that gambling establishment."

The Declaration was signed under the penalty of perjury.  This document was produced by the Erika Girardi in response to Plaintiff's Request for Production of Documents.

7.    Attached as Exhibit 5, is a true and correct copy of Erika Girardi "Declaration of Full Disclosure" to the California Department of Justice, Bureau of Gambling Control pursuant to which Erika Girardi  declared under the penalty of perjury that:

    i.    Applicant is or will be the sole beneficial owner of all financial interest in the gambling operation or any portion thereof for which applicant is applying.

    ii.    Applicant has no agreements or understandings with any other person or entity and no present intent to permit anyone to hold as agent nominee or otherwise any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability license or permit.

    iii.    Applicant has no agreements or understandings with any other person or entity to transfer at any future time any interest whatsoever in or to the gambling license being sought.

The Declaration was signed under the penalty of perjury.  This document was produced by the Erika Girardi in response to Plaintiff's Request for Production of Documents.

I declare under the penalty of perjury that the foregoing is true and correct.

JENKINS MULLIGAN & GARBIEL LLP

11

Executed this the 22nd day of January 2026, at Westlake Village, California.

_____

Larry W. Gabriel

JENKINS MULLIGAN & GARBIEL LLP

**EXHIBIT 1**

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3

4    In re Girardi Keese,                    )
                                             )
5         Debtor,                            )
                                             )
6    _____        )
                                             )
7    ELISSA D. MILLER, Chapter 7             )
     trustee for the Estate of              )
8    Girardi Keese,                          )
                                             )
9         Plaintiff,                         )
                                             )
10        vs.                                ) Case No.
                                             ) 2:20-bk-21022-BR
11   ERIKA N. GIRARDI, an                    )
     individual, EJ GLOBAL, LLC, a          )
12   limited liability company, and          )
     PRETTY MESS, INC., a                    )
13   corporation,                            )
                                             )
14        Defendants.                        )
     _____        )

15

16       CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

17          DEPOSITION OF ERIKA N. GIRARDI

18            LOS ANGELES, CALIFORNIA

19          WEDNESDAY, OCTOBER 19, 2022

20              10:36 A.M.

21

22

23

24   FILE NO. 487808
25   REPORTED BY LEESA DURRANT, CSR NO. 11899, RPR

14

JENKINS MULLIGAN & GARBIEL LLP

36

1    Q.    Now I'm going to short circuit a lot of The

2  Bicycle Club stuff.

3    A.    Sure.

4    Q.    Basically as I understand it, there was a

5  situation where Tom said you're going to become an

[6  owner -- you, **Erika, are going to become an owner of the**

7  **Bicycle.]**

8    A.    The way it was explained to me, Tom had a

9  license in Nevada with Boyd Gaming.  What kind of

10  license, I don't know whether it was an operator's

11  license.  I don't know what it was.  And this is -- I

12  just want to preface this by saying everything I'm about

13  to say is what Tom Girardi told me.  Okay.

[14      **There is a law that says if you are an owner**

[15  **or some sort of operator in Vegas, you may not have**

[16  **holdings in California gaming.  Something like that.]**

[17    Q.    Okay.

[18    A.    **He says to me "Erika, I want you to get a**

[19  **gaming license so you can"** -- I don't even know what the

[20  word would be -- "hold our family's or my interest."  So

[21  this was not something I came up with.]

22      Can I further speak to you outside?

23      MR. BORGES:  Yes.

15

24          (Brief recess taken.)

25    ///

JENKINS MULLIGAN & GARBIEL LLP

# <u>EXHIBIT 2</u>

JENKINS MULLIGAN & GARBIEL LLP

1     UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3

4    In re Girardi Keese,                )

5      Debtor,                     )

6                            )

7    _____)

8    ELISSA D. MILLER, Chapter 7  )
      trustee for the Estate of       )

9    Girardi Keese,                )
                           )

         Plaintiff,             )
                           )

10       vs.                    ) Case No.
                         ) 2:20-bk-21022-BR

11    ERIKA N. GIRARDI, an      )
      individual, EJ GLOBAL, LLC, a  )

12    limited liability company, and  )
      PRETTY MESS, INC., a       )

13    corporation,               )
                           )

14       Defendants.          )

15    _____)

16     CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

17      DEPOSITION OF ERIKA N. GIRARDI

18       LOS ANGELES, CALIFORNIA

19     WEDNESDAY, OCTOBER 19, 2022

20         10:36 A.M.

21

22

23

24   FILE NO. 487808

18

REPORTED BY LEESA DURRANT, CSR NO. 11899, RPR

25

3

1          DEPOSITION OF ERIKA N. GIRARDI taken
on behalf of Plaintiff, at 10:36 a.m.,
2          Wednesday, October 19, 2022, at 333
South Grand Avenue, 34th floor, Los
3          Angeles, California, before Leesa
Durrant, Certified Shorthand Reporter
4          No. 11899 of the State of California,
pursuant to Notice.

5

6

7    APPEARANCES OF COUNSEL:

8      FOR PLAINTIFF:

9          JENKINS MULLIGAN & GABRIEL LLP
BY:  LARRY W. GABRIEL, ESQ.
10         585 LORNA LANE
LOS ANGELES, CALIFORNIA  90049
11         (818) 943-8992
lgabrielaw@outlook.com

12

13    FOR 34:

14         GREENBERG GROSS LLP
BY:  EVAN C. BORGES, ESQ.
15         65O TOWN CENTER DRIVE
SUITE 1700
16         COSTA MESA, CALIFORNIA  92626
(949) 383-2860
17         Eeborges@ggtriallaw.com

18

19

20

19

37

1.  BY MR. GABRIEL:

[2        Q    And there was an application made for you to

[3    get a gaming license in California; correct?

[4        A    Yes.

[5        Q    Did you ever say to him, "Why are you doing

[6    this?  Isn't this illegal?"

[7        A    I did ask why he was doing it but I never

[8    thought it was illegal.  I just -- the way it was

[9    explained to me was that it had never been done.]

JENKINS MULLIGAN & GARBIEL LLP

# **EXHIBIT 3**

# **[Application for State Gambling License]**

## PROOF OF SERVICE

***Miller v. Erika Girardi et al.,***

**C.D. Case No. 2:25-cv-01038-AH**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is: 5743 Corsa Avenue, Suite 110, Westlake Village, California 91362.

On January  23, 2026 I served true copies of the following document(s) described as:

**TRUSTEE'S OPPOSITION TO DEFENDANTS AMENDED MOTION IN LIMINE NO. 2**

on

EVAN C. BORGES,
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
EBorges@GGTrialLaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail.

**Additional Service**

AH Chambers <AH_Chambers@cacd.uscourts.gov>
Hon. Anne Hwang Courtroom 9C, 9th Floor
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed this the  23rd  day of January 2026.

_____

Larry W. Gabriel