EVAN C. BORGES, State Bar No. 128706
  *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone:   (949) 383-2800
Facsimile:   (949) 383-2801

Attorneys for Defendants Erika Girardi, EJ
Global, LLC, and Pretty Mess, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In re Girardi Keese,<br><br>Debtor,<br><br>ELISSA D. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>Defendants. | Case No. 2:25-cv-01038-AH<br><br>**DUE TO TRUSTEE'S PENDING (AND SOON-TO-BE-COMPLETED) SALE OF LITIGATION CLAIMS ON EVE OF TRIAL, DEFENDANTS'** *EX PARTE* **APPLICATION FOR:**<br><br>**(1) ORDER CONTINUING TRIAL DATE FOR 45-60 DAYS AND RESETTING OF PRETRIAL DEADLINES, DUE TO CHANGE IN PLAINTIFF;**<br><br>**(2) ORDER REQUIRING TRUSTEE AND/OR BUYER OF CLAIMS TO FILE RULE 25(c) MOTION FOR SUBSTITUTION OF BUYER AS NEW PLAINTIFF IN PLACE AND STEAD OF TRUSTEE;**<br><br>**(3) ORDER GRANTING LEAVE TO DEFENDANTS TO CONDUCT LIMITED DISCOVERY DIRECTED AT NEW PLAINTIFF; AND**<br><br>**(4) ORDER THAT NEW PLAINTIFF SHOW CAUSE WHY POST-SALE OF TRUSTEE'S CLAIMS, FEDERAL JURISDICTION EXISTS OVER THIS ACTION AND/OR WHY DISTRICT COURT SHOULD NOT ABSTAIN, REMAND OR DISMISS ACTION WITHOUT PREJUDICE** |

Case No. 2:25-cv-01038-AH

DEFENDANTS' EX PARTE APPLICATION FOR ORDERS CONTINUING TRIAL, ETC.

**[Filed Concurrently with Declaration of Evan C. Borges, and Proposed Order]**

Trial Date:        May 19, 2026

**Final Pre-Trial Conference [L.R. 16]**
Date:      April 29, 2026
Time:      1:30 p.m.

**Judge:  Hon. Anne Hwang**
Place:    Courtroom 9C, 9th Floor
United States District Court
350 W. 1st Street, Los Angeles, CA

## NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Erika Girardi ("**Erika**"), EJ Global, LLC ("**EJ Global**"), and Pretty Mess, Inc. ("**PMI**") (collectively "**Defendants**") – based upon the pending (and soon-to-be-completed) sale on the eve of trial by plaintiff Elissa D. Miller, chapter 7 trustee of the bankruptcy estate of Girardi Keese ("**GK**") ("**Plaintiff**" or the "**Trustee**") of <u>*all*</u> her litigation claims in this action to a private third-party buyer (the "**Private Party Buyer**" or "**New Plaintiff**"), as evidenced by the Trustee's emergency sale motion (the "**Sale Motion**") filed April 15 and granted on April 23, 2026[1] – will and hereby do apply *ex parte* for the following Orders:

---

[1] The bankruptcy court set an expedited hearing on the Sale Motion, which took place the morning of April 23, 2026.  At the hearing, the bankruptcy court granted the Sale Motion and stated it would enter a proposed Order once submitted by the Trustee.  The Trustee submitted her proposed Order granting the Sale Motion, which the bankruptcy court entered shortly after 12:00 p.m. on April 23 [Bankr. Dkt. # 2771] (the "**Sale Order**").  *See* Exhibit 2 to Declaration of Evan C. Borges ("**Borges Declaration**") filed concurrently herewith.  According to section 3.1 of the Asset Purchase and Sale Agreement attached to the Sale Motion (the "**APA**"):  (i) the sale transaction will not close until the parties comply with conditions they are obligated to perform (such as the Private Party Buyer paying the balance of the $2 million purchase price); and (ii) **the closing of the sale transaction must occur within five**

---

DEFENDANTS' EX PARTE APPLICATION FOR ORDERS CONTINUING TRIAL, ETC.

(1) an Order continuing the May 19, 2026 trial date in this action for 45 to 60 days (or the first available date thereafter convenient to the Court), and resetting all pretrial deadlines based upon the new trial date, due to the change in plaintiff and real party in interest on the plaintiff's side of this action, which as noted in footnote 1, *supra*, should occur on or before **April 30, 2026**;

(2) an Order requiring that upon closing of the sale transaction, the Trustee and/or the Private Party Buyer of the Trustee's claims in this action file a motion under Federal Rule 25(c) for substitution of the Private Party Buyer as new plaintiff in place and stead of the Trustee, which to avoid ambiguity in the future, should be reflected on a modified court caption;

(3) an Order granting leave to Defendants to conduct limited and targeted discovery directed at the New Plaintiff, which can be completed quickly assuming cooperation from the New Plaintiff; and

(4) an Order that the New Plaintiff show cause why, post-sale of the claims in this action, federal jurisdiction exists and/or why the District Court should not abstain, remand to state court, or dismiss without prejudice the claims in this action, given that post-sale:  (a) this litigation will be solely between private parties; and (b) the GK bankruptcy estate will have no remaining interest in the claims or any recovery in this action; and as a result, this action will not have any conceivable effect or impact on the GK bankruptcy estate.

**PLEASE ALSO TAKE NOTICE** that, pursuant to District Court Judge Hwang's policies and procedures:

- Any opposition papers are to be filed no later than forty-eight (48) hours following service of this *ex parte* application or by 3:00 p.m. on the first court day after service, whichever is later.

---

**business days of entry of the Sale Order, which was April 23**.  Thus, it appears that the sale transaction should close on or before ***Thursday April 30, 2026***.

- Any party that may oppose this *ex parte* application should advise the CRD, yolanda_skipper@cacd.uscourts.gov, as soon as possible whether it intends to oppose the *ex parte* application.

- The Court generally considers *ex parte* applications on the papers unless otherwise determined.  Counsel will be notified if a hearing is required.

Pursuant to Local Rule 7-19, good cause exists for the requested *ex parte* relief and Orders, without which Defendants will suffer undue prejudice and irreparable harm, as explained in the attached Memorandum of Points and Authorities and the Borges Declaration filed concurrently herewith.

This *ex parte* application is based upon the attached Memorandum of Points and Authorities, the concurrently filed Borges Declaration, the proposed Order served and lodged herewith, and such other and further evidence or argument as the Court may entertain prior to its decision on this application.

DATED:  April 24, 2026            GREENBERG GROSS LLP

By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi, EJ Global, LLC, and Pretty Mess, Inc.

-4-                                          Case No. 2:25-cv-01038-AH
DEFENDANTS' EX PARTE APPLICATION FOR ORDERS CONTINUING TRIAL, ETC.

### **MEMORANDUM OF POINTS AND AUTHORITIES[2]**

Pursuant to Local Rule 7-19, good cause exists for the requested *ex parte* relief and Orders, without which Defendants will suffer undue prejudice and irreparable harm, based upon the following:

### I.   **FACTUAL BACKGROUND.**

At a status conference on January 28, 2026, the Trustee and Defendants reported to the Court that progress had been made in settlement discussions, due among other things to Defendants' provision of financial disclosures (which had been provided under a strict mediation confidentiality agreement).  Next, based on the parties' stipulation, the Court on February 4 entered an Order (Dkt. # 71) setting: the current trial date of May 19, 2026; a final pretrial conference on April 29, 2026; and pre-trial deadlines commencing April 15, 2026.

Defendants thereafter actively sought to continue settlement discussions with the Trustee.[3]  While the Trustee through counsel responded with high level comments and counsel for the parties exchanged emails on different factual and legal issues related to settlement, Defendants were perplexed by what appeared to be lack of a specific response on actual settlement terms.  Borges Declaration, ¶ 5.  It is now evident the Trustee had been involved in discussions with the Private Party Buyer about selling her litigation claims.

Defendants do not fault the Trustee or her counsel for reviewing all

---

[2] All names of parties and terms with initial capital letters in this Memorandum of Points and Authorities are defined as set forth in the Notice of *Ex Parte* Application and *Ex Parte* Application to which this Memorandum is attached.

[3]  These efforts included, without limitation:  asking for a specific response or written counteroffer to the most recent written settlement offer from Defendants made on January 11, 2026; offering to schedule conference calls to review any questions about Defendants' financial disclosures; and offering to return to a mediation before the court-appointed mediator.  None of these overtures, however, was accepted.

alternatives to maximize value for the GK bankruptcy estate. Defendants' only point is that they expended material effort to make use of the time the Court provided for the parties to reach a settlement or not. By using the same time to end up selling her litigation claims in this action, the Trustee has reached a conclusion, settlement and end to this case, although only for the Trustee and the GK bankruptcy estate.

As elaborated below, the reason for this *ex parte* application is that while the Trustee's sale of her claims may have resolved and ended the GK bankruptcy estate's role and interest in the outcome of this litigation, the Trustee reached her sale agreement and filed her Sale Motion at a wholly inopportune and critical time period on the eve of trial that requires full time and attention of both sides of a litigation to comply with the pretrial document requirements and other requirements of the Court. The Trustee's Sale Motion forced, at a critical pretrial juncture, a "limbo" in which Defendants did not know and still do not know for certain who, in fact, will be the plaintiff and plaintiff's trial counsel in this complex litigation. Thus, the Trustee's filing of the Sale Motion has interfered with, if not 100% blocked and disabled, Defendants' ability to engage, less than a month from trial, in the many important and necessary communications with an identified and authorized opposing trial counsel representing an identified actual opposing party, including without limitation discussing, exchanging drafts, and finalizing the multitude of pretrial documents and other pretrial work that must be completed.

On April 13, 2026, Defendants learned for the first time that the Trustee had agreed to, planned to sign, and had received a deposit relating to a binding agreement to sell her claims in this litigation, subject to bankruptcy court approval. Borges Declaration, ¶ 8. Importantly, on April 13, 14, and 15, counsel for the Trustee advised counsel for Defendants that, after the Trustee filed the Sale Motion, **the Trustee would be filing an *ex parte* application to continue the May 19 trial date**, and asked if Defendants opposed and/or would join in the *ex parte* application.

*Id.* Counsel for Defendants responded that they did not oppose and would file a joinder in the Trustee's *ex parte* application once it was filed. *Id.*

On April 15, 2026, based upon the above-referenced communications, counsel for Defendants sent an email to the Court's CRD, with a cc to counsel for the Trustee. *See* Exhibit 1 to Borges Declaration. Counsel for Defendants' email to the CRD, with cc to counsel for the Trustee, stated in pertinent part:

> . . . I write to advise the Court that earlier this week, counsel for the Trustee advised me of the following:
>
> Subject to approval of the Bankruptcy Court, the Trustee has signed a binding agreement, including receipt of a deposit, for sale and assignment to a third party of the Trustee's claims asserted in this action against Defendants (the "**Litigation Claim Sale Agreement**").
>
> *If the Litigation Claim Sale Agreement is approved by the Bankruptcy Court, the plaintiff in this case will change. Defendants know nothing about the identity or intentions of the new plaintiff regarding this litigation.*
>
> . . . The process of Bankruptcy Court approval and the sale of the Trustee's litigation claims will take a period of time unknown to me . . .
>
> The Trustee will be filing an *ex parte* application with the Bankruptcy Court to set an expedited hearing to consider approval of the Litigation Claim Sale Agreement. [Previously, I was under the impression this *ex parte* application was going to be filed yesterday, but I do not know the timing.]
>
> After the Trustee files her *ex parte* application with the Bankruptcy Court, **the Trustee will be filing an *ex parte* application before this Court to continue the May 19, 2026 trial date and related pre-trial deadlines for 30 days or the next soonest available dates on the Court's calendar, to allow for the process of Bankruptcy Court approval and the sale under the Litigation Claim Sale Agreement to take place, which will result in a new plaintiff in this action.** I have advised Mr. Gabriel that Defendants do not oppose and expect to file a joinder in this *ex parte* application as soon as it is filed.

Exhibit 1 to Borges Decl. (italicized emphasis added; bold emphasis in original).

Four hours after the above email, on April 15, 2026, the Trustee filed the Sale Motion in bankruptcy court, along with an *ex parte* application requesting an expedited hearing and briefing schedule. [Bankr. Dkt. # 2761].

On April 16, 2026, the bankruptcy court issued an order granting the Trustee's

request for an expedited hearing on the Sale Motion, and set the hearing for April 23, along with deadlines for any objections and overbids. [Bankr. Dkt. # 2765]. Later that day, the Trustee filed a Status Report with this Court attaching the Sale Motion and the bankruptcy court's order. [Dkt. # 83].

On April 16, 2026, and on a near-daily basis thereafter, counsel for Defendants asked counsel for the Trustee when the Trustee would be filing the *ex parte* application to continue the trial date. Borges Declaration, ¶ 12. In the course of these discussions, counsel for the Trustee stated that the filing of the *ex parte* application to continue the May 19 trial was likely but still under consideration. *Id.*

Between April 15 and the April 23 hearing on the Sale Motion, counsel for Defendants repeatedly asked counsel for Trustee if the Private Party Buyer would be retaining counsel for the Trustee or someone else as litigation counsel in this action. Borges Declaration, ¶ 13. Counsel for Defendants never received an answer and as of this writing (the afternoon of April 24), Defendants never have been informed and do not know who will be appearing as authorized litigation counsel for the Private Party Buyer if as expected the sale transaction closes. *Id.*

On April 20, 2026, not having received an answer to whether the Trustee would be filing the *ex parte* application to continue trial that counsel for the Trustee had stated a week earlier the Trustee would file, counsel for Defendants drafted extensive meet and confer email correspondence to counsel for the Trustee. Borges Declaration, ¶ 14, Exhibit 3. In this correspondence, counsel for Defendants asked about status of the Trustee's *ex parte* application for an Order continuing the May 19 trial date, and discussed facts related to the other Orders requested in this *ex parte* application. *Id.* Later on April 20, counsel for the parties engaged in a further meet and confer discussion on the issues raised by this ex parte application; no resolution was reached nor were counsel at an impasse. *Id.*

In the late afternoon on April 21, 2026, counsel for the Trustee sent an email to counsel for Defendants with a subject line titled "Request to Continue," which stated:

"Not doing it at this time." Borges Declaration, ¶ 15 and Exhibit 4. Counsel for the parties later discussed the issue, with counsel for the Trustee expressing the view that it was a decision more appropriately made by the Private Party Buyer if and when the sale transaction closed. Borges Declaration, ¶ 15.

On April 22, 2026, counsel for Defendants advised counsel for the Trustee that Defendants were preparing their own ex parte application, but may wait to file it until after the April 23 hearing on the Sale Motion, because at that point the parties would know whether the sale had been approved by the bankruptcy court. Borges Declaration, ¶ 16.

As noted above in footnote 1, on April 23, 2026, the bankruptcy court held a hearing on the Sale Motion, granted the Sale Motion, and later that day, entered the Sale Order.

As also noted in footnote 1, it appears that under the APA approved by the Sale Order, the sale transaction will close upon the occurrence of conditions that remain to be performed, but the sale transaction must (or should) close within five business days after entry of the Sale Order – that is, on or before **April 30, 2026** (which is one day after the April 29 date currently set for the Final Pretrial Conference in this case).

To avoid further disruption to the litigation schedule in this case caused by the Sale Motion, Defendants ask that the Court decide now the requests for relief in this *ex parte* application. Most importantly, the undue, immediate, and continuing prejudice to Defendants caused by the Trustee filing the Sale Motion at a critical pretrial juncture can be obviated by the Court granting at least Defendants' first request: for an Order continuing the May 19 trial date and related pretrial deadlines by 45 to 60 days (or the soonest dates thereafter convenient to the Court).

/ / /

/ / /

/ / /

## II. GOOD CAUSE EXISTS FOR AN ORDER CONTINUING THE MAY 19, 2026 TRIAL DATE FOR 45 TO 60 DAYS (OR SOONEST DATE THEREAFTER CONVENIENT TO THE COURT), DUE TO THE TRUSTEE'S SALE MOTION AND THE CHANGE IN PLAINTIFF UNDER THE SALE ORDER.

Due to the Trustee having filed the Sale Motion during a critical time juncture on the eve of trial, which already has spanned two weeks and is continuing, Defendants have no certainty regarding or do not know:

(a) who will be the actual real party in interest on the plaintiff side of this litigation; and

(b) who will be the authorized litigation trial counsel for the plaintiff real party in interest in this litigation including at trial, for purposes of addressing the multitude of pretrial documents and other pretrial issues that should have been and still must be addressed between the actual official trial counsel for the actual parties who will be the parties at trial.  This is necessary not only to comply with the Court's rules and have a productive Final Pretrial Conference on April 29, but it is also necessary to have order in the conduct of the trial currently set to commence May 19, 2026 (which is only three weeks from this coming Tuesday April 28).

Despite counsel for Defendants consistently asking over the past two weeks who is or will be the authorized trial attorney for the New Plaintiff (*if* the sale of the Trustee's claims closes), Defendants have received no answer and have no one with whom they can communicate about the myriad pretrial documents and other pretrial issues faced by the parties.  As a result, the substantial work required on joint pretrial documents has been derailed and made virtually impossible by the fact that shortly there will be a brand new plaintiff party in interest in this case, yet no authorized trial counsel for the New Plaintiff has been identified.

Due to the two week and continuing forced limbo status of this action, caused entirely by the Trustee's filing the Sale Motion, Defendants have suffered and will

suffer undue prejudice and irreparable harm in the fundamental sense of not having certainty on and not knowing who will be our opposing plaintiff real party in interest, or who will be authorized trial counsel for the New Plaintiff with whom we can communicate about time-sensitive pretrial documents and conduct of the trial.

Even if Defendants were advised as of the time of filing this ex parte application (afternoon of April 24) that:  (a) the sale transaction has closed; and (b) authorized trial counsel for the New Plaintiff is attorney X or attorney Y, **absent the Court granting the request for an Order continuing the trial date, insufficient time exists for the parties to address:**

(1) the multitude of pre-trial issues and modification and finalization of pretrial documents that in the normal course of events already should have been and still need to be addressed, finalized, and resolved, which has not occurred due to the limbo created by the Sale Motion, no actual closed sale transaction, and no authorized trial counsel available to speak for the New Plaintiff; and

(2) the **new** issues arising solely due to the brand-new circumstance of the closing of the sale transaction under the Sale Motion and Sale Order, which will mean a brand-new plaintiff party in interest in this action, and will result in the Trustee and the GK bankruptcy estate having no further interest in or connection to this litigation.  Both the parties and the Court will need sufficient time to address these new issues, which are the subject of the second, third and fourth requests for Orders in the next sections of this *ex parte* application.

In sum, the Trustee's filing of the Sale Motion has created disruption, a limbo period in which no one has been identified to make decisions for the New Plaintiff, and displaced two weeks of critical trial preparation time.  If the sale transaction closes quickly, it is certainly possible to restore order to this action, but this requires time to address and resolve many issues.  Accordingly, to avoid continuing undue prejudice and irreparable harm to Defendants, Defendants request that the Court enter an Order continuing the May 19 trial date for 45 to 60 days (or the soonest

convenient time thereafter for the Court) and resetting pretrial deadlines based on the new trial date.

### III. GOOD CAUSE EXISTS FOR AN ORDER REQUIRING THAT THE TRUSTEE OR THE PRIVATE PARTY BUYER OF THE TRUSTEE'S CLAIMS FILE A MOTION UNDER FEDERAL RULE 25(c) FOR SUBSTITUTION OF THE BUYER AS NEW PLAINTIFF IN PLACE AND STEAD OF THE TRUSTEE.

In this case, the Private Party Buyer's purchase of the Trustee's litigation claims is far from a "vanilla" transfer of an interest in litigation that occurs by virtue of a corporate merger or acquisition.  To the contrary, after reviewing the APA attached to the Sale Motion, Defendants have reason to believe that the Private Party Buyer, an LLC organized under the laws of Colorado, is likely a front for other litigants who after filing a separate action in the Central District of California against multiple defendants (including federal law enforcement agents, American Express, Erika, and Erika's assistant and choreographer), and after facing perceived setbacks and delays in that case, proceeded to file in seriatim fashion two additional litigations with overlapping allegations in state and federal court in Florida against Erika and/or persons close to her, which have the hallmarks of vexatious litigation.

For many reasons, including – (1) honest identification of the true plaintiff and party in interest in this action going forward; (2) evaluation of the bias and motive of the true plaintiff and party in interest; and (3) future issues that may arise if the New Plaintiff tries to claim federal jurisdiction based upon diversity of citizenship, which should not be permitted by a mere assignment – it is important that post-sale, the New Plaintiff, who will be the true real party in interest on the plaintiff's side of this litigation, must be substituted in as plaintiff in place and stead of the Trustee (including on the Court's caption).  Thus, no ambiguity will exist and the New Plaintiff will be openly, accurately, and truthfully identified going forward as the plaintiff in this action.

Case No. 2:25-cv-01038-AH

Accordingly, Defendants request that the Court exercise its discretion under Federal Rule 25(c) and enter an Order that, upon the closing of the sale transaction, the Trustee or the New Plaintiff file a motion to substitute the New Plaintiff in place and stead of the Trustee as the plaintiff in this case.  If the New Plaintiff and the Court are comfortable effectuating this substitution of a party by stipulation and order (as suggested by *Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2012) at ¶ 7:373 and Form No. 7:C), Defendants have no objection to proceeding in that fashion and will prepare a proposed stipulation and order, including a modification of the Court's caption to avoid any ambiguity.

### IV.    GOOD CAUSE EXISTS FOR AN ORDER GRANTING LEAVE TO DEFENDANTS TO CONDUCT LIMITED DISCOVERY DIRECTED AT THE NEW PLAINTIFF.

Based upon the facts set forth in paragraphs 21 through 37  of the Borges Declaration filed herewith, good cause exists for the Court to issue an Order granting Defendants leave to pursue limited and focused discovery directed at the New Plaintiff, which can be accomplished quickly if the New Plaintiff will cooperate.  The need for this discovery into who, in fact, is now suing Defendants is not only relevant because it goes to bias and motive of the New Plaintiff, but the brief period necessary to conduct the discovery provides further cause for Defendants' request for a brief continuance of the May 19 trial date.

### V.    GOOD CAUSE EXISTS FOR AN ORDER THAT THE NEW PLAINTIFF SHOW CAUSE WHY POST-SALE OF THE TRUSTEE'S CLAIMS, FEDERAL JURISDICTION EXISTS OVER THIS ACTION AND/OR WHY THIS COURT SHOULD NOT ABSTAIN, REMAND, OR DISMISS THIS ACTION WITHOUT PREJUDICE.

The Sale Motion and the sale of the Trustee's litigation claims to the Private Party Buyer and New Plaintiff, once closed, raise issues of whether continuing

federal jurisdiction exists over this action, and/or whether the District Court should abstain, remand to state court, or dismiss without prejudice what are now claims solely between private parties in a litigation in which the Trustee and GK estate have no continuing interest or right to proceeds.

Specifically, after the closing of the sale transaction, the outcome of this litigation will not have any conceivable effect on the GK bankruptcy estate, which eliminates "related to" bankruptcy jurisdiction over this action. *See In re Fietz.* 852 F. 2d 455, 457 (9th Cir. 1988) (Ninth Circuit adopts the Third Circuit's *Pacor* test, which is that a court has "related to" federal jurisdiction if "the *outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*") (emphasis in original).

To reiterate, the complete change in plaintiff and real party in interest on plaintiff's side of this action from a chapter 7 trustee appointed by a federal bankruptcy court and supervised by the Office of the United States Trustee to a private party, combined with the fact that after the closing of the Sale Motion, the GK bankruptcy estate will have no further interest in the outcome of this action, result in the conclusion that post-sale, this litigation will not have any conceivable effect on the bankruptcy estate of GK.

The severing, post-sale, of any connection between the new plaintiff party in interest and outcome of this litigation on the one hand, and the bankruptcy estate of GK on the other hand, in addition to calling into question whether federal jurisdiction exists, raises an important discretionary decision for the Court regarding whether to allocate scarce federal court resources to an action in which the Trustee and GK bankruptcy estate have no further interest, which post-closing of the sale transaction, will be a dispute between private parties involving almost entirely state law claims and defenses with no meaningful or any federal law issue for the court to decide.  As a result, upon closing of the sale transaction, this Court will have the discretion to decide whether to abstain, remand to state court, or dismiss this action

without prejudice, after which the New Plaintiff can re-file the case in state court.

Based upon the foregoing, Defendants request that the Court issue an Order (including a briefing schedule) requiring that the New Plaintiff show cause why post-sale, federal jurisdiction exists over this action, and/or why the Court should not regardless abstain, remand to state court, or dismiss this action without prejudice.

## I.    CONCLUSION

For all the foregoing reasons, Defendants request that the Court enter the Orders requested in this *ex parte* application, which are set forth in the proposed Order served and lodged concurrently herewith.

DATED:  April 24, 2026                    GREENBERG GROSS LLP


By: _____
                                                          Evan C. Borges
                                                          Attorneys for Defendants Erika Girardi, EJ
                                                          Global, LLC, and Pretty Mess, Inc.

DEFENDANTS' EX PARTE APPLICATION FOR ORDERS CONTINUING TRIAL, ETC.