LARRY W. GABRIEL, State Bar No. 68329
*lgabrielaw@outlook.com*
JENKINS MULLIGAN & GABRIEL LLP
5743 Corsa Avenue, Suite 110
Westlake Village, California 91361
Telephone: (818) 943-8992

Special Litigation Counsel for Plaintiff
Elissa D. Miller, chapter 7 Trustee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| In re Girardi Keese,<br><br>Debtor, | Case No. 2:25-cv-01038-AH |
| | **DECLARATION OF LARRY W. GABRIEL RE DEFENDANTS EX PARTE APPLICATION TO CONTINUE TRIAL** |
| ELISSA D. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>Defendants. | Judge:   Hon. Anne Hwang<br><br>First Street U.S. Courthouse, 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 Courtroom 9C, 9th Floor<br><br>Complaint filed:  7/14/2021 First Amended Complaint filed: 8/26/2021<br><br>Answer to FAC filed:  11/11/21 Current Pre-Trial Date:  04/30/2026 Current Trial Date: 05/19/2026 |

## <u>DECLARATION OF LARRY W. GABRIEL</u>

I, Larry W. Gabriel, declare as follows:

1.     I am an attorney at law, duly licensed to practice in the State of California. I

JENKINS MULLIGAN & GARBIEL LLP

1

am the attorney for the Plaintiffs in this action. I am Special Litigation counsel to Elissa D. Miller, Chapter 7 Trustee, Estate of Girardi Keese and the attorney responsible for the instant proceedings. I know the contents declared herein to be true of my own personal knowledge and if called upon could and would competently testify thereto.

2. This declaration is submitted in support of the Trustee's Opposition to Defendants *Ex Parte* Application to Continue Trial of this matter, now set for May 18, 2026.

### A.    THE TRUSTEE'S SALE MOTION

3. On April 15, 2026, the Trustee filed her motion seeking approval to sell the Estate's claims against Erika Girardi, Pretty Mess, Inc., and EJ Global, LLC, to LHA Land, LLC, a Colorado limited liability company for $2 million cash, subject to over-bids (**"Sale Motion"**).  [Bankr. ECF Doc. # 2761]

4. On April 23, 2026, the Bankruptcy Court entered its Order granting the Trustee's Sale Motion.  As of this filing, LHA has not paid the Trustee the balance of the sale price ($1,800,000) due under the sale agreement.  I am advised by LHA's attorney, Bruce Bealke, that LHA will be paying the balance of the purchase price on April 28, 2026.

5. I am also advised that LHA as the successor in interest to the claims presented in this litigation is not seeking a continuance of the trial of this matter. [See Bealke Decl.]

### B.    THE DEFENDANTS FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 4, 2026 SCHEDULING ORDER [ECF NO. 71]

6.  On April 4, 2026, the Court issued a scheduling order which provided:

   i. The deadline for Filing the Second Round Pretrial Documents is April 15, 2026.

   ii. The Final Pretrial Conference and all motions in limine are set for April 29, 2026.

2

iii. The Jury Trial is set to commence on May 19, 2026 at 8:30 a.m.

iv. The filings due on April 15, 2026 were:

- Oppositions to Motions in Limine;[1]
- Joint Proposed Final Pretrial Conference Order;
- Joint Agreed Upon Proposed Jury Instructions;
- Disputed Proposed Jury Instructions;
- Joint Proposed Verdict Forms;
- Joint Proposed Statement of the Case;
- Proposed Voir Dir Questions.
- Table of challenged Exhibits

7. In December 2025 and January 2026 I provided Mr. Borges with drafts of the following documents:

| Draft Document | Date Provided to Defendants Counsel |
|---|---|
| Joint Proposed Final Pretrial Conference Order; | 1/14/2026 |
| Joint Agreed Upon Proposed Jury Instructions; Revised Joint Jury Instructions | 12/29/2025 1/10/2026 and 1/11/2026 |
| Joint Proposed Verdict Form | 1/13/2026 |
| Joint Proposed Statement of the Case | 1/13/2026 |
| Joint Statement of Undisputed Facts Revised Statement of Undisputed Facts | 1/10/2026 1/12/2026 |
| Table of Challenged Exhibits | 1/11/2026 |

---

[1] The Trustee filed her oppositions to Defendants Motions in Limine on January 23, 2026. [See, Docket Nos. 65-67]

JENKINS MULLIGAN & GARBIEL LLP

JENKINS MULLIGAN & GARBIEL LLP

8.    Since providing the draft joint documents to Mr. Borges I have not received any drafting input from Mr. Borges.

9.    I reminded Mr. Borges of the deadline to submit these documents on no less than 3 occasions.

10.    On April 13, 2026 I received an email from Mr. Borges in which he indicted that he was working on the draft documents sent to him in December 2025 and January 2026.

11.    On April 14, 2026 I received a telephone call from Mr. Borges advising me that he would not be able to complete his review of the draft documents previously provided.

12.    On April 15, 2026  I was copied on the email Mr. Borges sent to the Court's clerk, Yolanda Skipper, a true and correct copy of which is attached hereto as **Exhibit 1.** In his email of April 15, 2026, Mr. Borges stated in relevant part

> I write to advise the Court that for reasons that are 100% my responsibility, and that only in part relate to the above events, the parties will be filing only some, but not all, of their second set of pretrial documents due by midnight tonight, April 15, 2026.  Specifically, Mr. Gabriel for Plaintiff already has filed his oppositions to Defendants' pending motions *in limine* nos. 1, 2, and 3. (*See* Doc. # 64, 66 (amended version), and 67.)  Thus, Mr. Gabriel has timely complied with this requirement applicable to Plaintiff.  Similarly, prior to midnight tonight, I will be filing Defendants' oppositions to Plaintiffs' pending motions *in limine* nos. 1, 2, 3, 4, and 5.  (*See* ECF Doc. # 51 (amended version), 53 (amended version).

13.    Mr. Borges never provided his input on the joint documents that were to be filed no later than April 15, 2026.

14.    As a result of the foregoing and in order that the Trustee be compliant with the Court's Schedule Order, on April 15, 2026 the Trustee unilaterally filed the following

4

documents for the Court's consideration:

- Proposed Final Pretrial Conference Order;
- Proposed Jury Instructions;
- Proposed Verdict Form;
- Proposed Statement of the Case;
- Proposed Voir Dir Questions.

15.     On April 16, 2026, Defendants filed (one day late) their oppositions to the Trustee's Motions in Limine – EFC Doc. #s 79-82.  Since April 16, 2026 the only additional filing made by Defendants is their *Ex Parte* Application to Continue Trial.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this the 27th day of April, 2026 at Westlake Village, Ca.

Dated:  April 27, 2026

JENKINS MULLIGAN & GABRIEL, LLP

By:_____

Larry W. Gabriel

Special Litigation Counsel for Plaintiff, Elissa D. Miller, Chapter 7 Trustee, Estate of Girardi Keese

JENKINS MULLIGAN & GARBIEL LLP

JENKINS MULLIGAN & GARBIEL LLP

# EXHIBIT 1

**JENKINS MULLIGAN & GARBIEL LLP**

**From:** Evan C. Borges <EBorges@GGTrialLaw.com>
**Sent:** Wednesday, April 15, 2026 12:00 PM
**To:** Yolanda Skipper <yolanda_skipper@cacd.uscourts.gov>
**Cc:** Larry Gabriel <lgabrielaw@outlook.com>; Cheryl Winsten <CWinsten@GGTrialLaw.com>
**Subject:** Elissa D. Miller, chapter 7 trustee v. Erika N. Girardi, EJ Global, LLC, and Pretty Mess, Inc. (USDC case no. 2:25-cv-01038-AH)
**Importance:** High

Dear Ms. Skipper,

I am counsel for Defendants Erika Girardi, EJ Global LLC, and Pretty Mess, Inc. ("**Defendants**") in the above-referenced action. I have copied on this email Larry Gabriel, who is counsel for plaintiff Elissa D. Miller, the chapter 7 bankruptcy trustee of Girardi Keese ("**Plaintiff**" or the "**Trustee**").

Solely on behalf of Defendants, with a cc to counsel for the Trustee, I'm writing for two reasons to provide the Court an update on status of the action and upcoming events. This email is solely for informational purposes. We are not asking that the Court take any action or issue any Order in response to this email.

*First*, I write to advise the Court that earlier this week, counsel for the Trustee advised me of the following:

- Subject to approval of the Bankruptcy Court, the Trustee has signed a binding agreement, including receipt of a deposit, for sale and assignment to a third party of the Trustee's claims asserted in this action against Defendants (the "**Litigation Claim Sale Agreement**").

- If the Litigation Claim Sale Agreement is approved by the Bankruptcy Court, the plaintiff in this case will change. Defendants know nothing about the identity or intentions of the new plaintiff regarding this litigation.

- The Litigation Claim Sale Agreement, if approved by the Bankruptcy Court, contains a provision for an auction and "overbid" process that would allow any third party (or for that matter Defendants) to purchase the Trustee's claims in this action for a higher amount than the purchase price in the Litigation Claim Sale Agreement. The process of Bankruptcy Court approval and the sale of the Trustee's litigation claims will take a period of time unknown to me, which may be two to three weeks or longer.

- The Trustee will be filing an *ex parte* application with the Bankruptcy Court to set an expedited hearing to consider approval of the Litigation Claim Sale Agreement. [Previously, I was under the impression this *ex parte* application was going to be filed yesterday, but I do not know the timing.]

7

JENKINS MULLIGAN & GARBIEL LLP

- After the Trustee files her *ex parte* application with the Bankruptcy Court, **the Trustee will be filing an *ex parte* application before this Court to continue the May 19, 2026 trial date and related pre-trial deadlines for 30 days or the next soonest available dates on the Court's calendar, to allow for the process of Bankruptcy Court approval and the sale under the Litigation Claim Sale Agreement to take place, which will result in a new plaintiff in this action.** I have advised Mr. Gabriel that Defendants do not oppose and expect to file a joinder in this *ex parte* application as soon as it is filed.

*Second*, I write to advise the Court that for reasons that are 100% my responsibility, and that only in part relate to the above events, the parties will be filing only some, but not all, of their second set of pretrial documents due by midnight tonight, April 15, 2026. Specifically, Mr. Gabriel for Plaintiff already has filed his oppositions to Defendants' pending motions *in limine* nos. 1, 2, and 3. (*See* Doc. # 64, 66 (amended version), and 67.) Thus, Mr. Gabriel has timely complied with this requirement applicable to Plaintiff. Similarly, prior to midnight tonight, I will be filing Defendants' oppositions to Plaintiffs' pending motions *in limine* nos. 1, 2, 3, 4, and 5. (*See* Doc. # 51 (amended version), 53 (amended version).

Regarding the balance of the second set of pretrial documents, preparation and finalization of these documents has been delayed. The delay is 100% my fault. While I already have received proposed drafts from Mr. Gabriel, the drafts in my opinion require significant work and revisions. If Mr. Gabriel is available to work with me for the balance of this week and on Monday, I expect that the parties' remaining second set of pretrial documents will be filed no later than midnight on **Monday April 20, 2026**.

Respectfully,

Evan C. Borges

**Evan C. Borges**
**Partner | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
601 South Figueroa Street | 30th Floor | Los Angeles, CA 90017
Direct 949.383.2860 | Main 949.383.2800
EBorges@GGTrialLaw.com | Bio



Los Angeles | Orange County | Las Vegas | New York

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.