LARRY W. GABRIEL [SBN  68329]
 *lgabrielaw@outlook.com*
JENKINS MULLIGAN & GABRIEL LLP
5743 Corsa Avenue, Suite 110
Westlake Village, California 91361
Telephone: (818) 943-8992

BRUCE BERNARD BEALKE [IL.SNB 6200543]
[Pro Hac Vice]
*Bealkelaw@protonmail.com*
77 W Wacker Dr.
Suite 45001
Chicago IL 60601
Telephone: (310) 562-6856

Attorneys for Plaintiff LHA Land, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LHA LAND, LLC, a Colorado limited liability company, as successor-in-interest to and assignee of Elissa D. Miller, Chapter 7 Trustee of Bankruptcy Debtor Girardi Keese,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>Defendants. | Case No. 2:25-cv-01038-AH<br><br>**PLAINTIFF-ASSIGNEES OPPOSITION TO DEFENDANTS SECOND AMENDED MOTION IN LIMINE NO. 2**<br><br>Trial Date:      May 26, 2026<br><br>**Final Pre-Trial Conference [L.R. 16]**<br>Date:    May 21, 2026<br>Time:    1:30 p.m.<br><br>**Judge:  Hon. Anne Hwang**<br>Place:   Courtroom 9C, 9th Floor<br>United States District Court<br>350 W. 1st Street. Los Angeles. CA |

## INTRODUCTION

Through Defendants Second Amended Motion in Limine No. 2 ("**SAMIL No. 2**"),

Defendants seek to preclude evidence relating to Erika Girardi's application to obtain a

California gaming license for the benefit of her husband, Thomas V. Girardi ("Girardi"). The application was submitted under false pretenses and supported by false and fraudulent financial statements provided to the California Department of Justice, Bureau of Gambling Control.  Defendants contend the evidence is inadmissible because the Trustee did not assert a standalone claim based on the gaming license application in the Truste's First Amended Complaint ("FAC") and because Erika Girardi allegedly withdrew the application on May 22, 2019.  Defendants' arguments fail both procedurally and substantively.

## II.    STATEMENT OF FACTS

**A.    Admissions Made By Erika Girardi in her Deposition ("EG Depo") Taken on October 19, 2022 Regarding Her Application for a California Gaming License on Thomas Girardi's Behalf**

During her deposition taken on October 19, 2022, [Plaintiff's Exhibit 8] Erika Girardi made the following statements:

A. The way it was explained to me, Tom had a
license in Nevada with Boyd Gaming.  What kind of
license, I don't know whether it was an operator
license.  I don't know what it was.  And this is – I
just want to preface this by saying everything I'm about
to say is what Tom Girardi told me.
Okay.
There is a law that says if you are an owner
or some sort of operator in Vegas, you may not have
holdings in California gaming.  Something like that.
Okay.
He (Thomas Girardi) says to me "Erika, I want you to get a
gaming license so you can" -- I don't even know what the
word would be -- "hold our family's or my interest."

JENKINS MULLIGAN & GARBIEL LLP

[See, Declaration of Larry W. Gabriel ("**Gabriel Decl.**"), ¶ 3, Exhibit 1, EG Depo. Tr. Oct. 19, 2022, p. 37: 8-21.]

During her deposition taken on October 19, 2022, Erika Girardi made the following admission:

Q. And there was an application made for you to get a gaming license

in California; correct?

A. Yes.

Q. Did you ever say to him, "Why are you doing this? Isn't this illegal?"

A. I did ask why he was doing it but I never thought it was illegal. I

just -- the way it was explained to me was that it had never been done.

[Gabriel Decl. ¶ 3, Exhibit 2, EG Depo. Tr. p. 38: 2-12]

1. **Erika False and Fraudulent Documents Submitted in Support of Her Gaming License Application**

On July 31, 2014, Erika Girardi submitted an "Application for State Gambling License to the California Department of Justice, Bureau of Gambling Control. [Plaintiff's Exhibit 33, Gabriel Decl., p. 10, ¶ 5, Exhibit 3] The application was made by Erika Girardi as an individual applicant. *Id.*

On July 31, 2014, Erika Girardi submitted an "Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property) to the California Department of Justice, Bureau of Gambling Control, ("**Gaming Commission**") in which Erika Girardi stated under the penalty of perjury that:

I am the exclusive and absolute owner of that gambling establishment. It is

my sole and separate property. My spouse does not have any interest

whatsoever in that gambling establishment, including but not limited to, a

community property interest.

[Plaintiff's Exhibit 36, Gabriel Decl., p. 10, ¶ 6, Exhibit 4]

2. On July 31, 2014, Erika Girardi submitted a "Declaration of Full Disclosure" to the California Department of Justice, Bureau of Gambling

Control [Plaintiffs Exhibit 36] pursuant to which Erika Girardi  declared under the penalty of perjury that:

i. Applicant is or will be the sole beneficial owner of all financial interest in the gambling operation or any portion thereof for which applicant is applying.

ii. Applicant has no agreements or understandings with any other person or entity and no present intent to permit anyone to hold as agent nominee or otherwise any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability license or permit.

iii. Applicant has no agreements or understandings with any other person or entity to transfer at any future time any interest whatsoever in or to the gambling license being sought.

[Plaintiff's Exhibit 39,  Gabriel Decl.,  p. 11, ¶ 7, Exhibit 5]

Erika's representations presented in Exhibit 33, 336, 39 were false, as Erika Girardi admitted during her deposition testimony taken on October 19, 2022, set forth above. Specifically, she represented in the documents that she would be the sole owner of the license and that her spouse would not have a legal or equitable interest in the license.  Yet, in her deposition, she testified: "He (Thomas Girardi) says to me "Erika, I want you to get a gaming license so you can" -- I don't even know what the  word would be -- "hold our family's or my interest."

**III. DISCUSSION**

**A. Defendants SAMIL No. 2 is Devoid of Legal Authority and Admissible Evidence in Support of AMIL No. 2**

    1.    <u>No Legal Authority</u>

Defendants' AMIL No. 2 is devoid of legal authority, in violation of Local Rules (**L.R.**) 7.5[1] and 7.6.[2]  Defendants cite no supporting case law, statutes, or other legal authority. Accordingly, AMIL No. 2 fails to comply with L.R. 7-5, provides no legal basis for the relief requested, and should be denied on that ground alone.

    2.    <u>No Admissible Evidence</u>

Defendants also failed to submit admissible evidence in support of AMIL No. 2. Their purported "evidence" consists of one letter which purportedly was presented to the Gaming Commission, withdrawing Erika Girardi's application for a gaming license.  The letter is presented without a declaration as to its authenticity.  Such references do not constitute evidence. *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029-1031(9th Cir. 2001) (The court need not consider documents merely referenced in briefing but not properly submitted as evidence.)  See also, *Orr v. Bank of America, N.A.,* 285 F.3d 764, 773–74 (9th Cir. 2002)(Documents must be properly authenticated and submitted; "[u]nauthenticated documents cannot be considered as evidence.")[3]

**B. The Fraudulent Nature of the Gaming License Application Is Undisputed**

The Gaming Commission has jurisdiction over the operation and supervision of gambling establishments and over all persons or things having to do with the operations of gambling establishments. It issues gambling licenses and may also suspend or revoke the licenses. California Business and Professions Code, §§ 9811, 19870, 19930.

---

[1] L.R. 7-5  Moving Papers.  There shall be served and filed with the notice of motion: (a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and (b) The evidence upon which the moving party will rely in support of the motion."

[2] L.R. 7-6  Evidence on Motions.  Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

[3] *Orr v. Bank of America, N.A.,* involved the court ruling on a Motion for Summary Judgment.

JENKINS MULLIGAN & GARBIEL LLP

JENKINS MULLIGAN & GARBIEL LLP

The Department of Justice, through its Bureau of Gambling Control, investigates gambling license applicants, monitors the conduct of licensees, and initiates and prosecutes disciplinary actions against licensees before the Commission. §§ 19826, 19868, 19930. *Swallow v. California Gambling Control Com.,* 77 Cal. App. 5th 1037, 1041 (2022).

The fraudulent nature of Erika Girardi's gaming license application is not subject to reasonable dispute. Erika Girardi essentially admitted during her deposition that the disclosures and statements submitted in support of the application were false. [Declaration of Larry W. Gabriel ("Gabriel Decl.") pp. 9-11, ¶¶ 5-7, Exhibit 1- 5] .

This evidence does not depend on the existence or nonexistence of a withdrawal letter. The relevant fact is that Erika Girardi knowingly signed and submitted false statements to a state regulatory body under penalty of perjury. [4] Clearly, once a false instrument is knowingly offered to a public office for filing, the act is complete. *People v. Powers*, 117 Cal. App. 4th 291, 297 (2004) (Section 115 is concerned with the offering of false instruments for filing, registering, or recording in a public office . . .") A subsequent withdrawal does not "unfile" the document and does not cure the submission of a false and fraudulent statement made to a governmental agency.

**C. The Evidence Is Offered for Proper, Highly Relevant Purposes**

Defendants' central legal premise—that evidence is inadmissible absent a separately pleaded cause of action concerning the gaming license application—is legally erroneous. The Trustee does not assert a standalone claim arising from the application. Instead, the evidence is admissible and highly probative for multiple permissible purposes, including:

1. **Lack of Good Faith**

---

[4] Penal Code § 115(a) provides, in relevant part, that any person who knowingly procures or offers a false or forged instrument to be filed, registered, or recorded in a public office is guilty of a felony.

JENKINS MULLIGAN & GARBIEL LLP

The evidence demonstrates Erika Girardi's willingness to knowingly participate in fraudulent conduct on Girardi's behalf. This directly rebuts Defendants' contention that Erika Girardi received fraudulent transfers in "good faith," a core issue under the Bankruptcy Code and applicable fraudulent transfer law.  It also refutes Defendants contention that Erika Girardi was an uneducated innocent devoid knowledge that her husband Thomas Girardi was committed fraud.  Indeed, as demonstrated by Erika Girardi's own admissions she acted willfully and knowingly in submitted false statements to the California gaming denying Thomas Girardi would have either a legal or equitable interest in the sought after license.

### 2.  Credibility

Federal Rule of Evidence 608(b) permits inquiry on cross-examination into specific instances of conduct that are probative of a witness's character for truthfulness.

Erika Girardi personally executed the gaming license application, Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property) and Declaration of Full Disclosure" under penalty of perjury while knowing the information presented in the documents were false. That conduct bears directly on her credibility as a witness and is therefore admissible for impeachment purposes.  Courts routinely admit evidence of uncharged misconduct when offered to prove intent, knowledge, absence of good faith, or credibility—particularly where, as here, the defendant places those issues squarely at issue. *See United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989) (holding that "evidence of a witness' participation in fraudulent transactions is probative of truthfulness," and citing cases involving a witness's false credit card applications, false license applications, and prior false statements).

### D. Withdrawal of the Application Is Irrelevant to Admissibility

Even assuming *arguendo* that the application was later withdrawn, that fact does not render the evidence inadmissible. The probative value lies in Erika Girardi's knowing submission of false information to a regulatory agency—not in whether the application ultimately proceeded. Withdrawal does not negate fraudulent intent, knowledge, or

participation, nor does it cure the false statements made under oath. A misstatement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed." *United States v. Gaudin,* 515 U.S. 506, 509 (1995); see also *United States v. Facchini*, 832 F.2d 1159, 1162 (9th Cir. 1987) (A misstatement need not actually influence the agency decision in order to be material; propensity to influence is enough). Accordingly, the concern is not with the extent of the agency's reliance, but rather with the "intrinsic capabilities of the false statement itself[.]" *United States v. Serv. Deli Inc.*, 151 F.3d 938, 941-842 (9th Cir. 1998).

### E. Rule 403 Does Not Support Exclusion

The evidence is not unfairly prejudicial, confusing, or cumulative. It is straightforward, directly relevant, and goes to central issues the jury must decide. Any claimed prejudice arises solely from the probative force of the evidence, which is not a basis for exclusion under Rule 403.

### F.  Mini Trial

Defendants assert that admission of three documents signed by Erika Girardi in support of her application for a California gaming license would create a "mini trial", without explanation how this would occur.  Indeed, it is hard to imagine that how the admission of three documents and a few questions regarding Erika Girardi's reasons for executing those documents would create a "mini trial". The testimony may take 10 to 15 minutes, but that does not constitute a mini-trial that would create havoc with the trial in this matter.

## IV.  CONCLUSION

Defendants' Amended Motion in Limine No. 2 is unsupported by admissible evidence and rests on a legally incorrect understanding of relevance and admissibility. The gaming license application evidence is probative of Erika Girardi's lack of good faith, knowledge, and credibility, and is properly admissible for those purposes. Accordingly, Defendants SAMIL No. 2 should be denied in its entirety.

Respectfully Submitted,

DATED:  May 14, 2026                    JENKINS MULLIGAN & GABRIEL LLP

_____
Larry W. Gabriel

BEALKE LAW

By:_____
Bruce Bealke (Pro Hac Vie)

Attorneys for Plaintiff LHA Land, LLC

JENKINS MULLIGAN & GARBIEL LLP

LHA Opposition to Defendants SAMIL 2

**JENKINS MULLIGAN & GARBIEL LLP**

## DECLARATION OF LARRY W. GABRIEL

## IN SUPPORT

## OF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

I, Larry W. Gabriel, declare as follows:

1.    I am counsel of record for Plaintiff Elissa D. Miller, Chapter 7 Trustee, in this action. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

2.    On October 19, 2022, I took the deposition of Erika Girardi. True and correct copies of pages of the deposition transcript referred to below is attached hereto as Exhibits 1- 2.

3.    During her deposition taken on October 19, 2022, Erika Girardi made the following statements:

> The way it was explained to me, Tom had a
> license in Nevada with Boyd Gaming.  What kind of
> license, I don't know whether it was an operator
> license.  I don't know what it was.  And this is – I
> just want to preface this by saying everything I'm about
> to say is what Tom Girardi told me.
> Okay.
> There is a law that says if you are an owner
> or some sort of operator in Vegas, you may not have
> holdings in California gaming.  Something like that.
> Okay.
> He (Thomas Girardi) says to me "Erika, I want you to get a
> gaming license so you can" -- I don't even know what the
> word would be -- "hold our family's or my interest."

True and correct copies of Erika Girardi's deposition testimony, (Plaintiff's Exhibit 8) EG Depo. Tr. p. 37: 8-21is attached hereto as Exhibit 1.

JENKINS MULLIGAN & GARBIEL LLP

3.      During her deposition, Erika Girardi also made the following statement:

Q.  And there was an application made for you to get a gaming license in California; correct?

A.  Yes.

Q.   Did you ever say to him, "Why are you doing this?  Isn't this illegal?"

A.  I did ask why he was doing it but I never  thought it was illegal.  I just --
the way it was explained to me was that it had never been done.

True and correct copies of Erika Girardi's deposition testimony, (Plaintiff's Exhibit 8) EG Depo. Tr. p. 38: 2-12, is attached hereto as Exhibit 2.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the ""Applicant's Application for State Gambling License" (Plaintiff's Exhibit 33) submitted on behalf of Erika Girard to the State of California Gaming Commission. The document was produced by the Defendants in response to Plaintiff's Request for Production of Documents.

5.      Attached as Exhibit 4 (Plaintiff Exhibit 36) is a true and correct copy of Erika Girardi's "Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property"  submitted to the State of California Gaming Commission. The following statements are presented in the declaration:

- "I am the exclusive and absolute owner of that gambling establishment. It is  my sole and separate property.  My spouse does not have any ownership interest whatsoever in that gabling establishment, including but not limited to a community property interest."

- "My spouse is not involved, directly or indirectly with any management, decisions, of any nature whatsoever, regarding that gambling establishment."

- "My spouse does not have any  direct or indirect authority or influence in the decision-making process relating to any activities in that gambling establishment."

- "My spouse is not engaged in any conduct for which my spouse could be

required to obtain a registration, a finding of suitability, a permit, or a license, pursuant to Business and Professions Code sections 19850, 19851, 19853, 19854 and/or 19912, for that gambling establishment."

The Declaration was signed under the penalty of perjury. This document was produced by the Erika Girardi in response to Plaintiff's Request for Production of Documents.

6.      Attached as Exhibit 5, (Plaintiff's Exhibit 39) is a true and correct copy of Erika Girardi "Declaration of Full Disclosure" to the California Department of Justice, Bureau of Gambling Control pursuant to which Erika Girardi declared under the penalty of perjury that:

- Applicant is or will be the sole beneficial owner of all financial interest in the gambling operation or any portion thereof for which applicant is applying.

- Applicant has no agreements or understandings with any other person or entity and no present intent to permit anyone to hold as agent nominee or otherwise any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability license or permit.

- Applicant has no agreements or understandings with any other person or entity to transfer at any future time any interest whatsoever in or to the gambling license being sought.

The Declaration was signed under the penalty of perjury. This document was produced by the Erika Girardi in response to Plaintiff's Request for Production of Documents.

I declare under the penalty of perjury that the foregoing is true and correct.

LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

Executed this the 14th day of May 2026, at Westlake Village, California.

_____

Larry W. Gabriel

JENKINS MULLIGAN & GARBIEL LLP

LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

# EXHIBIT 1

LHA Opposition to Defendants SAMIL 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In re Girardi Keese,                          )
                                              )
        Debtor,                               )
                                              )
_____              )
                                              )
ELISSA D. MILLER, Chapter 7                   )
trustee for the Estate of                     )
Girardi Keese,                                )
                                              )
        Plaintiff,                            )
                                              )
        vs.                                   ) Case No.
                                              ) 2:20-bk-21022-BR
ERIKA N. GIRARDI, an                          )
individual, EJ GLOBAL, LLC, a                 )
limited liability company, and               )
PRETTY MESS, INC., a                          )
corporation,                                  )
                                              )
        Defendants.                           )
_____              )

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

DEPOSITION OF ERIKA N. GIRARDI

LOS ANGELES, CALIFORNIA

WEDNESDAY, OCTOBER 19, 2022

10:36 A.M.

FILE NO. 487808
REPORTED BY LEESA DURRANT, CSR NO. 11899, RPR

36

15
LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

Q.   Now I'm going to short circuit a lot of The Bicycle Club stuff.

A.   Sure.

Q.   Basically as I understand it, there was a situation where Tom said you're going to become an owner -- you, **Erika, are going to become an owner of the Bicycle.**

A.   The way it was explained to me, Tom had a license in Nevada with Boyd Gaming.  What kind of license, I don't know whether it was an operator's license.  I don't know what it was.  And this is -- I just want to preface this by saying everything I'm about to say is what Tom Girardi told me.  Okay.

**There is a law that says if you are an owner or some sort of operator in Vegas, you may not have holdings in California gaming.  Something like that.**

**Q.   Okay.**

**A.   He says to me "Erika, I want you to get a gaming license so you can" -- I don't even know what the word would be -- "hold our family's or my interest."  So this was not something I came up with.**

Can I further speak to you outside?

MR. BORGES:  Yes.

(Brief recess taken.)

///

LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

# EXHIBIT 2

LHA Opposition to Defendants SAMIL 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

In re Girardi Keese,                    )
                                        )
        Debtor,                         )
                                        )
_____         )
                                        )
ELISSA D. MILLER, Chapter 7             )
trustee for the Estate of               )
Girardi Keese,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 ) Case No.
                                        ) 2:20-bk-21022-BR
ERIKA N. GIRARDI, an                    )
individual, EJ GLOBAL, LLC, a           )
limited liability company, and          )
PRETTY MESS, INC., a                    )
corporation,                            )
                                        )
        Defendants.                     )
_____         )

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

DEPOSITION OF ERIKA N. GIRARDI

LOS ANGELES, CALIFORNIA

WEDNESDAY, OCTOBER 19, 2022

10:36 A.M.

FILE NO. 487808
REPORTED BY LEESA DURRANT, CSR NO. 11899, RPR

19
LHA Opposition to Defendants SAMIL 2

25

3

DEPOSITION OF ERIKA N. GIRARDI taken on behalf of Plaintiff, at 10:36 a.m., Wednesday, October 19, 2022, at 333 South Grand Avenue, 34th floor, Los Angeles, California, before Leesa Durrant, Certified Shorthand Reporter No. 11899 of the State of California, pursuant to Notice.

APPEARANCES OF COUNSEL:

FOR PLAINTIFF:

JENKINS MULLIGAN & GABRIEL LLP
BY:  LARRY W. GABRIEL, ESQ.
585 LORNA LANE
LOS ANGELES, CALIFORNIA  90049
(818) 943-8992
lgabrielaw@outlook.com

FOR 34:

GREENBERG GROSS LLP
BY:  EVAN C. BORGES, ESQ.
65O TOWN CENTER DRIVE
SUITE 1700
COSTA MESA, CALIFORNIA  92626
(949) 383-2860
Eeborges@ggtriallaw.com

37

LHA Opposition to Defendants SAMIL 2

BY MR. GABRIEL:

[2      Q     And there was an application made for you to

[3   get a gaming license in California; correct?

[4      A     Yes.

[5      Q     Did you ever say to him, "Why are you doing

[6   this?  Isn't this illegal?"

[7      A     I did ask why he was doing it but I never

[8   thought it was illegal.  I just -- the way it was

[9   explained to me was that it had never been done.]

LHA Opposition to Defendants SAMIL 2

JENKINS MULLIGAN & GARBIEL LLP

# EXHIBIT 3

# [PLAINTIFF'S EXHIBIT 33]

# Applicant's Application for State Gambling License

State of California
Department of Justice
Bureau of Gambling Control
(916) 227-3584; Fax: (916) 227-2308

## APPLICATION FOR STATE GAMBLING LICENSE
BGC-030 (Rev. 04/13)

Pursuant to Business and Professions Code section 19850, every person who directly or indirectly receives any compensation, reward, percentage or share of money or property played in any controlled game in this state, shall apply for and obtain a state gambling license. A license certificate will be issued after the application for state gambling license is approved and will indicate the name of the "owner-licensee". All other applicants are considered "endorsed licensees" and will not receive a separate license certificate, but their names will be endorsed on the license issued to the owner of the gambling enterprise.

A completed license renewal application package and all renewal fees are due **no later than 120 days prior** to the license expiration date. [See Business and Professions Code section 19876(b)] Any application package received less than 110 days prior to the license expiration date shall be subject to a delinquency fee of **an additional $ 1000 for each application in the package.** [See Title 4, California Code of Regulations, Sections 12008(a)(2) and 12345(a).]

**Instructions:**
Type or print legibly, in ink, all information requested on this application. If a question does not apply, write "N/A" (Not Applicable). Incomplete applications will be returned. You must provide truthful information in all your responses. All answers to questions in this application and on all supplemental documentation will be subject to verification. Any misrepresentation or failure to disclose information may constitute sufficient cause for denial or revocation of your gambling license.

**Send the completed application package with required fees/deposits (listed below) to: Bureau of Gambling Control, P.O. Box 168024, Sacramento, CA 95816-8024.** Please make all checks payable to the Bureau of Gambling Control.

| Name of Gambling Establishment (Cardroom): The Bicycle Casino, LP | Name of Applicant (Individual or Entity): Erika N. Girardi |
|---|---|

**Please check one box indicating whether you are applying for an *initial* or *renewal* license.**

☑ **INITIAL**

| **Application Fee:** | $ 1000 Non-refundable (Owner-Licensee and Endorsed Licensee) |
|---|---|
| **Background Deposit:** | $ 6600 (Owner-Licensee and Endorsed Licensee) |
| | $ 1100 (Trust,* Trustee, and Trustor) |
| | $ 1500 (Community Property Spouse) |

*Any unused portion of a background deposit will be refunded.*

**NOTE: Initial applicants must also attach a completed Supplemental Background Information form, as indicated below:**

Gambling Establishment (Cardroom): Attach a Gambling Establishment Supplemental Information for State Gambling License, BGC-APP-015C (Rev. 04/08) form – *Owner-Licensee to submit on behalf of gambling establishment*

Individual Applicants: Attach a Gambling Establishment Owner Applicant – Individual Supplemental Background Investigation Information, BGC-APP-015A (Rev. 04/08) form

Entity Applicants: Attach a Gambling Establishment Owner – Entity Supplemental Information for a State Gambling License, BGC-APP-015B (Rev. 04/08) form

*Trust Applicants: Attach a Trust Supplemental Background Investigation Information, BGC-APP-143 (Rev. 05/08) form

*Contingent beneficiaries do not need to submit an application if benefits are contingent upon a specific future event or circumstance.*

☐ **RENEWAL**

| **Application Fee:** | $ 1000 Non-refundable (Owner-Licensee and Endorsed Licensee) |
|---|---|
| **Delinquent Application Fee:** | $ 1000 Non-refundable (Owner-Licensee and Endorsed Licensee) |
| **Background Deposit:** | $ 725 (Owner-Licensee) Other applicants may be responsible for background deposits upon notification from the Bureau of Gambling Control. |

*Any unused portion of a background deposit will be refunded.*

PLAINTIFF'S EXHIBIT 33

Page 1 of 4

CONFIDENTIAL

EG-003402

## SECTION 1 – TYPE OF APPLICATION (check one box)
Submit the information listed below with the required fees/deposits with your initial or renewal application.

☐ **Owner-Licensee:** The owner of the gambling enterprise for which the license certificate shall be issued

Sole Proprietors: Submit one application with all sections completed *except* 3a and 3b

All other Owner-Licensee Types, including Trusts (As indicated in section 3a): Complete all sections *except* 4

☑ **Endorsed Licensee:** Shall be endorsed on the gambling enterprise license certificate

Individual Applicants, including Trustors and Trustees (As indicated in section 4): Complete sections 4, 5(B), and 7

Entity Applicants, including Trusts (As indicated in section 3a): Complete sections 3, 5(B), and 7

## SECTION 2a – GAMBLING ESTABLISHMENT (CARDROOM) INFORMATION
Attach a current organization chart for the gambling establishment (cardroom) that includes the owner licensee, all endorsed licensees, and all key employees.

Gambling Establishment (Cardroom) Name:

Street Address:

Mailing Address  (If different than above):

| Telephone Number: ( ) | | Fax Number: ( ) | | Website Address (if any): | | | |
|---|---|---|---|---|---|---|---|
| Hours of Operation: | | MON | TUES | WED | THURS | FRI | SAT | SUN |
| ☐ 24 hrs/365 days | Open | | | | | | | |
| ☐ Hours as indicated: | Close | | | | | | | |

## SECTION 2b – EMPLOYEE WORK PERMIT CERTIFICATION (check one box)

I certify that all gambling enterprise employees (employees of this gambling establishment) have complied with Business and Professions Code section 19912 by either:

☐ Holding a valid gambling enterprise employee work permit issued in accordance with the applicable ordinance of the city or county in which his or her duties are performed, or,

☐ Holding a valid gambling enterprise employee work permit issued by the California Gambling Control Commission.

## SECTION 3a – ENTITY STRUCTURE (check one box)
Attach a current organization chart for the entity indicating the names and titles of any officers, shareholders, partners, members, etc. that are associated with the entity.

| | | |
|---|---|---|
| ☐ General Partnership | ☐ Corporation: | ☐ Trust: |
| ☐ Limited Partnership | ☐ Publicly Traded | ☐ Revocable |
| ☐ Joint Venture | ☐ Private: | ☐ Irrevocable |
| ☐ Limited Liability Company | ☐ Sub-Chapter S | |
| ☐ Other: _____ | ☐ Sub-Chapter C | |

CONFIDENTIAL                                                                                    EG-003403

## SECTION 3b – ENTITY INFORMATION

Please provide the information below for the entity structure indicated in section 3a. Identify all individual officers (President, Secretary, Treasurer, and Chief Financial Officer), directors, shareholders, partners, members, etc., of the entity. For Trusts, identify the Trustor and any Trustees. For officers and directors of corporations with no ownership interest, enter 0% in the ownership column. If a section does not apply, write "N/A" (not applicable). If additional space is needed, please use separate sheets of paper.

Entity Name:

Street Address:

Telephone Number:
(    )

Fax Number:
(    )

| Entity / Individual's Name | Title | Ownership / Membership Interest Percentage | Compensation Arrangement (salary, hourly wage, incentives, bonuses, etc.) |
|---|---|---|---|
|  |  | % |  |
|  |  | % |  |
|  |  | % |  |
|  |  | % |  |
|  |  | % |  |
|  |  | % |  |

## SECTION 4 – INDIVIDUAL APPLICANT INFORMATION

**Indicate your association with the business. (Check all that apply)**

- [ ] Sole Proprietor
- [ ] General Partner
- [x] Limited Partner
- [ ] Shareholder
- [ ] Officer
- [ ] Director
- [ ] Landlord
- [ ] LLC Member
- [ ] Financial Interest Holder
- [ ] Community Property Interest
- [ ] Other: _____
- [ ] Trustor
- [ ] Trustee
- [ ] Current Beneficiary

Last Name: Girardi   First Name: Erika   Middle Initial: N

Other names you have used or been known by (aliases, maiden name, nicknames, other name changes, legal or otherwise):
Maiden name: Chahoy

* Residence Address – Number/Street (See page 4 for note):
100 Los Altos Drive

Apt. / Unit Number:

City: Pasadena   County: Los Angeles   State: CA   Zip Code: 91105

*Mailing Address, if different than above:
1126 Wilshire Boulevard, Los Angeles, CA 90017

Contact Numbers:
Home: (626) 568-9761   Work: (213) 977-0211   Cell: (626) 568-0207

E-mail Address (if any):

Birthdate (mm/dd/yyyy): 07/10/1971

Gender: [ ] Male  [x] Female

** Social Security Number (See page 4 for note):
253 27 5951

BGC-030 (Rev. 04/13)   Page 3 of 4

CONFIDENTIAL   EG-003404

## SECTION 5– RENEWAL INFORMATION

Complete this section **only** if you are **renewing** your license. If you answer "Yes" to any of the questions below, please provide an explanation on a separate sheet of paper and attach it to the application.

| | | |
|---|---|---|
| **A)** | **Gambling Establishment:** | |
| | 1. Have there been any changes affecting ownership or controlling interest in this gambling establishment since last filing a State Gambling License application? | ☐ Yes ☐ No |
| | 2. Have there been any changes to the terms (financial or otherwise) of the gambling establishment's lease or a change of landlord since last filing a State Gambling License application? | ☐ Yes ☐ No |
| **B)** | **Owner Licensee or Endorsed Licensee:** | |
| | 1. Have you been a party to any civil litigation since last filing a State Gambling License application? | ☐ Yes ☒ No |
| | 2. Have you been named in any administrative action affecting any license certification since last filing a State Gambling License application? | ☐ Yes ☒ No |
| | 3. Have you been convicted of any crime (misdemeanor or felony) since last filing a State Gambling License application? | ☐ Yes ☒ No |
| | 4. Have you acquired or increased a financial interest in a business that conducts lawful gambling outside the state since last filing a State Gambling License application? | ☐ Yes ☒ No |
| **C)** | **Complete the following *only* if renewing as a Trust:** | |
| | 1. Have there been (a) any amendments to the trust document or (b) any changes to a beneficiary, trustee, or trust asset since last filing a State Gambling License application? | ☐ Yes ☐ No |

## SECTION 6– AUTHORIZED REPRESENTATIVE / DESIGNATED AGENT INFORMATION

| Last Name: Harn | First Name: Joy | Middle Initial: F |
|---|---|---|

| Relationship to Applicant: ☐ Owner ☑ Attorney ☐ Employee ☐ Other: _____ | Business Name, if applicable: Law Offices of Joy Fernbach Harn |
|---|---|

Mailing Address: 3020 Old Ranch Parkway, Suite 300, Seal Beach, CA 90740

| Telephone Number: ( 562 ) 799-5589 | Fax Number: ( ) none | E-mail Address (if any): joyfharn@gmail.com |
|---|---|---|

## SECTION 7 – DECLARATION / SIGNATURE

An applicant applying as an individual must sign on his or her own behalf. If applying as a business entity or trust, the chief executive officer or designated agent must sign on behalf of the entity.

*I declare under penalty of perjury under the laws of the State of California that I have personally completed this form and know that the contents thereof, and the information contained herein, including all attachments, corrections, changes and other alterations, is true, accurate, and complete.*

| Name of Individual Completing this Application (*typed or printed*): Erika Girardi | Title: Applicant |
|---|---|
| Signature: | Date: 7·31·14 |

\* You must provide your residence address to the Bureau. Unless a separate mailing address is provided, the Bureau will mail all correspondence to your residence address. Your residence address will not be displayed on the Bureau's website and will not be provided to the public as a result of a request pursuant to the Public Records Act (Government Code section 6250 et seq.) or Business and Professions Code section 19821(b).

\*\*Disclosure of your U.S. social security number is mandatory. Business and Professions Code section 30 and Public Law 94-455 (42 USC section 405(c)(2)(C)) authorize collection of your social security number. Your social security number will be used exclusively for tax enforcement purposes, for purposes of compliance with any judgment or order for family support in accordance with Family Code section 17520 or for verification of licensure. If you fail to disclose your social security number, your application will not be processed and you will be reported to the Franchise Tax Board, which may assess a $100 penalty against you.

Effective July 1, 2012, the California Gambling Control Commission is required to deny an application and to suspend the license/registration/permit/ approval of any applicant or licensee who has outstanding state tax obligations and appears on either the Franchise Tax Board's or Board of Equalization's certified list of the top 500 tax delinquencies over $100,000 (Business and Professions Code section 494.5).

BGC-030 (Rev. 04/13)                                                                                       Page 4 of 4

CONFIDENTIAL                                                                                       EG-003405

# EXHIBIT 4

# [PLAINTIFF'S EXHIBIT 39]

Applicant's Declaration, Acknowledgment and Agreement (Sole and Separate Property)

State of California
**Declaration of Full Disclosure**
BGC-APP-005 (Rev. 11/07)

Department of Justice

## DECLARATION OF FULL DISCLOSURE

I, Erika N. Girardi _____, state that, except as has been reported in writing to the California Department of Justice, all of the following are true:

Applicant is or will be the sole beneficial owner of all financial interest in the gambling operation or any portion thereof, for which applicant is applying;

Any funds used or to be used, and any liabilities incurred or to be incurred by the applicant in the acquisition of any direct or indirect interest in a licensed gambling establishment or any portion thereof for which applicant seeks a determination by the California Department of Justice were not provided to applicant nor made available to applicant through the efforts of anyone not disclosed to the California Department of Justice;

No other person has provided collateral for or guaranteed payment of any loans made to applicant related to this application;

Applicant has no agreements or understandings with any other person or entity and no present intent to permit anyone to hold as agent, nominee, or otherwise any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability, license or permit;

Applicant has no agreements or understandings with any other person or entity to transfer at any future time any interest whatsoever in or to the gambling license being sought;

Applicant has no agreements or understandings with any other person or entity and no present intent to pay any sums of money or give anything of value as, including but without limitation, a finder's fee or commission to any person related to the acquisition of any direct or indirect interest whatsoever in or to the licensed gambling establishment or any portion thereof for which applicant seeks a finding of suitability, license or permit;

I declare under penalty of perjury under the laws of the State of California that the foregoing statements are all true and correct.

_9·31·14_
Date

Erika N. Girardi
Applicant Printed Name

_____
Applicant Signature

**The Bicycle Casino**

Name of Gambling Establishment

888 Bicycle Casino Drive, Bell Gardens, CA 90201

Address of Gambling Establishment

### PLAINTIFF'S EXHIBIT 36

BGC-APP-005 (Rev. 11/07)

CONFIDENTIAL

EG-003410

EXHIBIT 5

[PLAINTIFF'S EXHIBIT 39]

Applicant's Declaration, Declaration of Full Disclosure

State of California
**Applicant's Declaration,**
**Acknowledgment and Agreement**
BGC-APP-012 (Rev. 11/07)

Department of Justice

## APPLICANT'S DECLARATION, ACKNOWLEDGMENT AND AGREEMENT

### (Sole and Separate Property)

I, Erika N. Girardi _____, hereby declare that:

_____(print owner applicant's full name)_____

I am married to Thomas V. Girardi _____

_____(print spouse's full name)_____

I am an applicant for a state gambling license as an owner of a gambling establishment known

as The Bicycle Casino _____, which is located

_____(print name of the gambling establishment)_____

at 888 Bicycle Casino Drive _____, in Bell Gardens _____, California.

_____(print address of gambling establishment)_____ _____(print name of city)_____

· Response Required:

- I am the exclusive and absolute owner of that gambling establishment. It is my sole and separate property. My spouse **does** or **does not** (circle one) have any ownership interest whatsoever in that gambling establishment, including, but not limited to, a community property interest.

- My spouse **is** or **is not** (circle one) involved, directly or indirectly, with any management decisions, of any nature whatsoever, regarding that gambling establishment.

- My spouse **does** or **does not** (circle one) have any direct or indirect authority or influence in the decision-making process relating to any activities in that gambling establishment.

- My spouse **is** or **is not** (circle one) engaged in any conduct for which my spouse could be required to obtain a registration, a finding of suitability, a permit, or a license, pursuant to Business and Professions Code sections 19850, 19851, 19853, 19854 and/or 19912, for that gambling establishment.

2-27-15

2-27-15

2-27-15

2-27-15

**Plaintiff's Exhibit 39**

Page 1 of 2                                          BGC-APP-012 (Rev. 11/07)

CONFIDENTIAL                                          EG-003464

I understand, and agree, that my spouse cannot lawfully engage in any activities or conduct for which a registration, a finding of suitability, a permit, or a license is, or may be, required pursuant to the Gambling Control Act, Business and Professions Code sections 19800, et seq., without first obtaining from the California Gambling Control Commission the appropriate registration, finding of suitability, permit, or a license.

I understand, and agree, that should my spouse engage in any activities or conduct for which a registration, a finding of suitability, a permit, or a license is, or may be, required pursuant to the Gambling Control Act, Business and Professions Code sections 19800, et seq., without first obtaining the appropriate registration, finding of suitability, permit, or license, then my license for the above-referenced gambling establishment may be revoked.

I understand, and agree, that if any statement in this Declaration, Acknowledgment and Agreement is false, that fact may be used as grounds for the denial, or subsequent revocation, of my license for the above-referenced gambling establishment.

## DECLARATION

I, _Erika N. Girardi_____, certify and declare under penalty of perjury under the laws of the State of California, that I am the person named on this Applicant's Declaration, Acknowledgment and Agreement and that to the best of my knowledge, the information contained herein is true and correct.

_7.31.14_____

Date

Erika N. Girardi

Printed Name

Signature

BGC-APP-012 (Rev. 11/07)

CONFIDENTIAL                                                          EG-003465